# Lee *v.* Harper.

### Motion to Dismiss Appeal.

1. *Refusal to allow amendment; when appeal lies, or mandamus.*—On suggestion of the death of a sole plaintiff, if the court improperly refuses to allow an amendment making him sue as a mercantile partnership, reviving and continuing the case in the name of another person as surviving partner, and improperly makes an order abating the suit, *mandamus* would be the proper remedy to compel the allowance of the amendment; but no order abating and dismissing the suit having been rendered, an appeal does not lie from the overruling of the motion to amend, revive and continue.

APPEAL from the Circuit Court of Geneva.
Tried before the Hon. JESSE M. CARMICHAEL.

J. E. P. FLOURNOY, for appellant.

W. D. ROBERTS, *contra.*

CLOPTON, J.—The submission of this cause is accompanied by a motion to dismiss the appeal. The suit was instituted in the name of M. G. Stoudenmire as sole plaintiff, and apparently in his individual name and capacity. The death of the plaintiff having been suggested, appellant moved to amend the proceedings and complaint, so as to read, "M. G. Stoudenmire, a mercantile partnership composed of Morgan G. Stoudenmire and Moses J. Lee," who is the appellant, and to
VOL XC.

[Hanover National Bank v. Johnson.]

revive and continue the cause in his name as surviving part-ner. The court refused the motion, but made no order abating the suit, nor any other final disposition of it. If an order im-properly abating it had been made, *mandamus* would be the proper remedy to compel the allowance of an amendment improperly refused.—*Ex parte S. & N. Ala. R. R. Co.*, 65 Ala. 599; *The State, ex rel. Nabor's Heirs*, 7 Ala. 459; *Ex parte Swan*, 23 Ala. 192. No final judgment having been rendered, an appeal does not lie.

The motion to dismiss the appeal must be granted.