# Schlanger, Appellant, v. West Berwick Borough.

*Equity—Taxpayer's bill—Class bill—Boroughs — Paving — Alleged illegal assessment—Adequate remedy at law—Demurrer.*

1. A taxpayer's bill is essentially a class bill.

2. A class bill will not be sustained unless (a) the relief sought is in its nature beneficial to all in the class; and (b) it is intended

to prevent the wrongful expenditure of the money, or the wasting of the assets of the entire class.

3. A taxpayer's bill will not be sustained to prevent the filing of municipal claims against plaintiff's properties. In such case there is an adequate remedy at law.

Argued May 29, 1918. Appeal, No. 71, Jan. T., 1918, by plaintiff, from decree of C. P. Columbia Co., Sept. T., 1917, No. 2, in Equity, sustaining demurrer to bill in equity in case of Henry Schlanger v. The Borough of West Berwick; W. C. Sponsler, President, George Knecht, John C. Crisman et al., Members, and William Karshner, Secretary, of the Borough Council of West Berwick; and Conway W. Dickson, Solicitor of said Borough. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Bill in equity for injunction. Before Evans, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court sustained defendant's demurrer and dismissed the bill. Plaintiff appealed.

*Fred Ikeler,* with him *W. S. Sharpless,* for appellant. —Equity will assume jurisdiction where it is the most convenient and effective remedy: Brush Electric Co.'s App., 114 Pa. 574; Conemaugh Gas Co. v. Jackson Farm Gas Co., 186 Pa. 443; Steigerwalt v. Rife, 9 Pa. Superior Ct. 363; Gray v. Citizens' Gas Co., 206 Pa. 303.

Equity will assume jurisdiction where the remedy at law will lead to a multiplicity of suits: Johnston v. Price, 172 Pa. 427; McGinn v. Benner, 180 Pa. 396; Harper's App., 109 Pa. 9; Simpson v. Summerville, 30 Pa. Superior Ct. 17.

*C. W. Dickson,* for appellee.—Plaintiff has an adequate remedy at law and is not entitled to equitable relief: Graeff v. Felix, 200 Pa. 137; Wolf v. Glassport Lumber Company, 210 Pa. 370.

OPINION BY MR. JUSTICE SIMPSON, June 11, 1918:

In the court below, appellant filed a taxpayer's bill, on behalf of himself and such other residents and taxpayers of the borough of West Berwick as might be willing to join in its prosecution, against the borough itself, the officers and members of the borough council, and the borough solicitor. He averred in substance that by a vote of the electors of the borough, and by proper municipal action of the borough council, the borough was authorized to and did borrow the sum of $50,000 for the sole purpose of grading, paving and curbing certain of the streets of the borough, and had provided for a sufficient annual tax to pay the principal, interest and tax on said bonds, as they became due; notwithstanding which the defendants proposed to cause assessments to be made upon and to file municipal claims against the abutting properties along said streets, one of which properties was owned by appellant, to pay two-thirds of the total expense of said grading, paving and curbing; that he was advised that such action was illegal; and he prayed an injunction thereagainst.

The defendants demurred, inter alia, because upon the face of the bill it appeared that plaintiff was not entitled to the relief claimed, and because he had an adequate remedy at law.

The court below sustained the demurrer and dismissed the bill, whereupon this appeal was taken.

A taxpayer's bill is essentially a class bill and can be filed only in the common interest of all the taxpayers of the municipality, to prevent the wrongful expenditure of the money of the municipality or the wasting of its assets. This bill, however, is not filed to prevent the expenditure of the money of the municipality, but to compel its expenditure for the benefit of plaintiff and the other property owners on said streets only. They are not the only taxpayers of the borough, and the matter is therefore squarely within the principle of Gray v. Chaplin, 2 Sim. & Stew. 267, that: "In order to enable a plain-

tiff to sue on behalf of himself and others who stand in the same relation with him to the subject of the suit, it must appear that the relief sought by him is in its nature beneficial to all those whom he undertakes to represent." That principle is sound, and, so far as we are aware, has never been departed from.

Moreover, if the borough authorities file a municipal claim against appellant's property, his right to defend against a scire facias thereon gives him an adequate remedy at law: Gessey v. City of York, 254 Pa. 397.

The decree is affirmed and the appeal dismissed at the costs of appellant.