(121 So. 17)

**CAIN et al. v. BURGER et al.  (6 Div. 209.)**

Supreme Court of Alabama.  March 21, 1929.

Charles W. Greer and Harsh & Harsh, all of Birmingham, Francis Hare, of Monroeville, and Geo. Earl Hoffman, of Pensacola, Fla., for appellants.

Smyer & Smyer and Ritter, Wynn & Carmichael, all of Birmingham, for appellees.

BOULDIN, J. The will of Sallie Turton Duport, deceased, was duly admitted to probate in the probate court of Jefferson county.

George W. Turton, brother of decedent, was her sole heir and distributee. He did not contest the probate of the will in the probate court. Within twelve months after such probate he died intestate.

After his death and still within twelve months from the date of probate, his personal representative, his widow, and his children joined in filing this bill to contest the will in equity. Code, § 10637.

The trial court held the bill subject to demurrers going to the right of complainants to maintain the suit; further held that it was incapable of amendment, and dismissed it.

If any one or more of the complainants are entitled to contest the will in equity, this ruling was error. Code, § 6645; Bowdoin v. T. S. Faulk & Co., 204 Ala. 280, 85 So. 503.

Our statute granting "any person interested in any will, who has not contested the same" at the time of probate, additional time to contest by bill in equity, dates from early times.

In Knox v. Paull, 95 Ala. 505, 11 So. 156, the question was raised whether this statute was limited to interested parties who were without notice of the probate proceedings or otherwise deprived of opportunity to contest the will in the first instance. In that decision it was noted that a remedy for such irregularity exists under general rules of law, a timely application to set aside the probate. Sowell v. Sowell's Adm'r, 40 Ala. 243.

Touching the purpose of the statute, in Knox v. Paull, supra, it was said: "The application to prove the will usually follows close upon the death of the testator. The application comes on for hearing as soon as the short prescribed terms of notice have expired. It must frequently happen that persons interested in the proceeding are wholly unable, while it is pending, to inform themselves as to the instrument offered for probate, or of the circumstances attending its execution. Facts affecting its validity may be developed afterwards, and the failure to discover them, or to obtain the evidence to prove them, may have been without the fault or any lack of diligence on the part of those interested in making a contest. In view of such contingencies, there is manifest propriety and justice in allowing a reasonable time after a formal and regular probate, for a contest of the validity of the will by one

**12**

who did not make a contest in the probate court. We have no doubt that this was the intention of the statute."

Following this line of reasoning it has become the established construction that the statutory right to contest in equity is an extension of the right to contest in the probate court, a right unhampered by any question of neglect to contest in the first instance. Kaplan v. Coleman, 180 Ala. 267, 60 So. 885.

The questions now presented are in the main covered and governed by the decision in Allen v. Pugh, 206 Ala. 10, 89 So. 470. That case directly involved the right of contest in equity by a descendant of the next of kin living at the time of the probate proceedings but dying within less than twelve months thereafter. Complainant claimed to be a party "interested in the will" as next of kin of the testator at the time the bill was filed.

Construing this statute in the light of its terms, the former decisions of this court, related statutes, and decisions of other states, that decision, in effect, declares: That the right to contest in equity is limited to those who could have contested in the probate court; that such right or privilege is personal, is not a property right, does not pass by descent, and is not assignable. Persons "interested in the will" are determinable as of the date of the probate proceedings. Only these may contest in equity.

In Selden v. Illinois Trust & Savings Bank, 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180, quoted with approval in Allen v. Pugh, supra, it was held the right to contest in equity does not survive the death of a party entitled to contest in the probate court, and cannot be asserted by his personal representative. We concur in and re-affirm these views. While some hardship may result in exceptional cases, we can see much greater mischief to follow a construction which would enlarge the right to all who might sustain the relation of next of kin to the testator at the time of bill filed, or of treating it as a property right subject to assignment involving all the evils which cupidity and speculation may portend.

Not being a property right, but one passing no beneficial interest by descent, it logically follows the personal representative has no cause of action as trustee for the same beneficiaries. Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283, L. R. A. 1918A, 444, and note, Ann. Cas. 1918B, 533, and note; note to Selden v. Illinois Trust, etc., 130 Am. St. Rep. 186 et seq.; 28 R. C. L. pp. 389, 393.

Appellants conceive that, notwithstanding these rules, the widow of George W. Turton is entitled to contest in equity, because entitled to contest in the probate court while the husband was still living, this because of her inchoate dower interest in the lands which descended to her husband on the death of the testator, and defeated by the wrongful probate of an alleged will.

We cannot concur in such view. True, the inchoate dower right, although a mere expectancy contingent upon survivorship, is such substantial right as will sometimes be protected in equity against the fraud of the husband. Kelly v. McGrath, 70 Ala. 81, 45 Am. Rep. 75.

But it has never been supposed that a wife, because of such expectancy, may contest the will of her husband's relative while he is living and declines so to do. A real beneficial interest, not a mere expectancy or inchoate right, is essential to maintain a contest of a will. Lockard v. Stephenson, 120 Ala. 641, 24 So. 996, 74 Am. St. Rep. 63; Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, Ann. Cas. 1917C, 903.

We need scarcely note that the position of the children of George W. Turton, deceased, is not bettered by the fact that they were also legatees under the will.

Only parties who would take in the absence of a will are interested in its contest. These children were not heirs of the testator. Their father was living at the time of the probate. The mere fact that they were made legatees under the will gave them no right of contest in the probate court. They must at the time of probate have had some interest to be injuriously affected by the establishment of the contested will. Braasch v. Worthington, supra.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.