145 So. 144

## Ex parte LIDDON.
### 4 Div. 675.

Supreme Court of Alabama.

Dec. 22, 1932.

J. J. Speight, of Dothan, for petitioner.

O. S. Lewis, of Dothan, for respondent.

**FOSTER, J.**

After the probate of a will in the probate court, a contest was filed in the chancery court by an heir of decedent, and, before it was heard, the contestant died. The question is whether the proceeding could be revived. We have never had the exact question in this court. It is now well settled that such a "cause of action" does not survive. If it was not begun in the lifetime of the contestant, it cannot be begun by his representative after his death. Allen v. Pugh, 206 Ala. 10, 89 So. 470; Cain v. Burger, 219 Ala. 10, 121 So. 17.

With reference to actions pending at law, if based upon contract, or injuries to the person, not the reputation (section 5712), or property rights (section 5713), they do not abate by death. And by section 5715 no action abates by death, if the cause of action survive. In equity upon abatement of a suit by death, provision is made for a revival. Section 6552, Code; Rules of Chancery Practice 101 et seq. It has been held that the statute making actions at law subject to revival on abatement by death does not revive the cause of action except for the purposes of that case. Wynn v. Tallapoosa Bank, 168 Ala. 469, 53 So. 228; Ex parte Corder, 222 Ala. 694, 134 So. 130; Stoer v. Ocklawaha River Co., 223 Ala. 690, 138 So. 270; 1 Corpus Juris, 176.

In equity the rule is that, when a party to a suit dies, it abates, but that, if his interest "is transmitted to a representative which the law gives or ascertains, as an heir at law or an executor or administrator, the suit may be continued by a bill of revivor." 1 Corpus Juris, 238, 177; Cullum v. Batre, 2 Ala. 415; Doe ex dem. Duval's Heirs v. McLoskey, 1 Ala. 708; Bowie v. Minter, 2 Ala. 406; Sims, Chan. Prac. § 619 et seq.

■ The statutes for the revival of actions and their survival do not ordinarily control in equity, unless that court is enforcing a cause of action which the statute would control if the suit were at law. Wynn v. Tallapoosa Bank, supra, pages 496–497 of 168 Ala., 53 So. 228; 1 Corpus Juris 177, 180.

■ But our statutes provide a speedy and summary remedy of revival in equity, taking the place of a bill of revivor, but do not change the rules with respect to the circumstances under which such a suit may be revived. Section 6552, Code; Rules of Chancery Practice 101 et seq.

■■ If there is an equitable remedy pursued to collect a legal demand, the question is controlled by the rule applicable if the suit had been at law upon such demand: But, if the suit be to enforce a property right, which is assignable and descendable, equity courts will revive the suit to enforce such right.

■ But the courts of this state have been careful that, when a right is conferred upon certain named classes of persons, no one other than a member of that class may maintain a suit to enforce it; that it is not assignable or descendable. When a right of action in equity is strictly personal to the one on whom it is conferred, and so not assignable, nor descendable, it dies with the one on whom it is conferred, so far as he and those who are in privity with him are concerned.

The contest in chancery of a will which has been probated has been held to be conferred only upon those who could contest at the time of its probate in the probate court (Allen v. Pugh, supra; Cain v. Burger, supra), and that it is a personal statutory right conferred upon them and no others, and may be taken away or limited by statute (Cronheim v. Loveman, ante, p. 199, 142 So. 550).

In 1 Page on Wills, p. 919, § 549, it is said that such a contest survives "if the right is one which survives." An examination of the cases seems to sustain the text. They seem to agree in the main that it depends upon whether the right of action survives.

Illinois has taken the position that the action abates, because its statute provides that it survives only "if the cause of action survive." Hurd's Rev. St. 1908, c. 1, § 10. And that, as the contest in chancery could not be begun after the death of the one on whom the right is conferred, the action itself does not survive. Selden v. Illinois Trust, etc., Bank, 239 Ill. 67, 87 N. E. 860, 130 Am. St.

Rep. 180. This case was cited in our case of Allen v. Pugh, supra.

In Missouri it is said that, when the contestant in chancery of a will dies after filing his contest, no revivor is necessary, and the court should proceed to determine the validity of its execution, but that the proceeding survives, and may be continued without a revivor, but may be revived in the name of one who succeeds to his rights, but not of his administrator, though its statute provides that "no action shall abate by the death [etc.] of a party if the cause of action survive or continue." Rev. St. 1909, § 1916. This because of the peculiar character of the proceeding. Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283, L. R. A. 1918A, 444, Ann. Cas. 1918B, 533.

And in California the statute makes the action survive if the cause of action survives, and the court holds that such a cause of action does survive, and therefore the action survives. In re Baker's Estate, 170 Cal. 578, 150 P. 989.

In Iowa, the statute provides for the continuance of actions by or against representatives or successors in interest of a deceased party. Under it, the court held that, as the contest was filed in the lifetime of the contestant, it undoubtedly survived under the statute. It refused to follow Illinois in that respect. In re Wiltsey's Will, 122 Iowa, 423, 98 N. W. 294.

In Washington state, under a statute which makes all actions survive in which the cause of action survives, it was held that such a right of contest survives, and that therefore the action does likewise. Ingersoll v. Gourley, 78 Wash. 406, 139 P. 207, Ann. Cas. 1915D, 570.

■ Our conclusion is that, because the right abates with the death of the contestant in a chancery contest, and that it does not thereby descend to another or survive such death, and is not conferred upon one not interested when the will was probated, and that there is no statute or rule which keeps alive the suit to enforce it after the death of the contestant which occurs after suit was begun, therefore the suit could not be revived on the death of the contestant.

The circuit court so held, and therefore the writ of mandamus is denied.

Mandamus denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.