152 So. 215

### WEBB v. FRENCH.
### 6 Div. 414.

Supreme Court of Alabama.
Jan. 11, 1934.

See, also, 225 Ala. 617, 144 So. 818.

James & Stewart, of Cullman, for appellant.

B. F. Smith, of Birmingham, for appellee.

44

BOULDIN, Justice.

Two automobiles, running upon a public highway, come into collision with each other. A person riding in one of the cars is killed. The driver of the other car is fatally injured and dies within a few hours.

The personal representative of the estate of the former sues the personal representative of the estate of the latter claiming damages for death by wrongful act. Defendant interposes by way of plea that no cause of action survives in such case.

The trial court holds the plea good; whereupon the plaintiff takes a nonsuit for adverse rulings and appeals. Such is the case before us.

The original counts were filed under the homicide statute. As to these it seems to be conceded that, while this statute (Code, § 5712) provides the *action* shall not abate by the death of a party, and may be revived in favor of and against the personal representative, this is a remedial provision touching pending suits, and does not keep alive a *right of action* against his estate, so that suit may be brought in the first instance against an executor or administrator of the estate of the tort-feasor. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Ex parte Corder, 222 Ala. 694, 134 So. 130; Stoer v. Ocklawaha River Farms Co., 223 Ala. 690, 138 So. 270; 1 Corpus Juris, 176; Ex parte Liddon, 225 Ala. 683, 145 So. 144.

Count A seeks to present a case under Code, §§ 5674, 5675, which read:

"5674. *Wife, etc., shall have right of action for injury in consequence of sale or disposition of prohibited liquors or beverages.*—Every wife, child, parent, or other person who shall be injured in person, or property, or means of support by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action against any person who shall by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any

liquors or beverages, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages. [1909, p. 63, § 8.]

"5675. *Survival and revival of actions.*—Upon the death of any party, the action, or right of action will survive to or against his executor or administrator. The party injured, or his legal representative, may bring a joint or separate action against the person intoxicated, or who furnished the liquor; and all such suits shall be by civil action in any court having jurisdiction thereof."

These statutes have not been heretofore construed. They are a codification of section 8 of the Act of August 25, 1909, Acts 1909, p. 63.

This act, one of the companion prohibition bills of that special session, covers more than thirty pages, and, broadly speaking, may be deemed a prohibition enforcement measure.

The construction of section 8, divided into two sections in the Code, is not free from difficulty. The first portion, now section 5674 of the Code, creates a cause of action against the bootlegger (to use a modern term) for personal injuries to third persons at the hands of one to whom the bootlegger has furnished prohibited liquor and the injury is the proximate consequence of intoxication from such liquor.

It would seem the right of action runs in favor of two classes of persons:

(1) The person injured in person or property.

(2) Wife, child, parent, or other person (a dependent maybe) who has been injured through loss of means of support because of personal injury to the person furnishing the means of support.

The damages recoverable are expressly declared to be the "damages actually sustained, as well as exemplary damages."

The basis of the action is actual damages, nominal at least, with exemplary damages added at the discretion of the jury, because of willfulness, wantonness, aggravation, etc., under general law. 4 Michie's Digest, p. 649, § 70. In this, such action differs from suits under the Homicide Act.

Appellant relies upon section 5675, as giving a right of action for death by wrongful act against the person inflicting the injury in consequence of his intoxication, and, in case of his death before suit, a cause of action against his personal representative.

This statute speaks only of injuries to person or property. Throughout our legal system actions for personal injuries and actions for death from wrongfully inflicted injury are distinct.

All death actions are statutory. At common law no such action was known. It never came into being, and no question of sur-

vival could arise. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225; White v. Ward, 157 Ala. 345, 47 So. 166, 18 L. R. A. (N. S.) 568; 17 C. J. p. 1181.

It is obvious the statute in question gives a direct right of action to the wife, child, etc., for whatever statutory damages have been sustained.

The question of survivor of the cause of action in such case would arise, it seems, upon the death of such plaintiff, the wife, etc., and the cause would survive to her personal representative, not the representative of the victim of personal injury causing death.

But, if a new cause of action is here created for wrongful act causing death, to be instituted by the personal representative, to whom does the recovery inure?

All our statutes creating a cause of action for death by wrongful act are for the benefit of the living.

Both under the Homicide Act and Lord Campbell's Act, the action is for the benefit of the distributees or next of kin, not a part of the estate as such, but recovered by the personal representative as a statutory appointee for named beneficiaries.

Under the Workmen's Compensation Law (Code 1923, § 7534 et seq.), the death benefit goes to named dependents.

If a death action is contemplated under Code, § 5675, it is entirely silent on this point. For want of such provision, the recovery would become assets of the estate to be administered as other assets.

One estate suing another for tort committed by one decedent against the other in their lifetimes is an anomaly in our law. No such intent is to be given a statute unless declared in plain and unambiguous terms. No such terms are used. The statute deals with personal injuries only.

At common law the torts committed by a man went to the grave with him. Wynn v. Tallapoosa County Bank, supra.

Code, § 5675, providing for a survival of the action and cause of action in favor of and against the personal representative of the parties may be given full effect, by confining it to causes of action accruing for personal injury not causing death, wherein the living has a just demand against the living for actual damages sustained by tortious act. In such case this statute seems to keep alive such demand in favor of the estate of the one against the estate of the other. Whether, in that case, suit must be brought while the tort-feasor lives, there is no occasion to decide.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.