164 So. 820

**LEEDY v. TAYLOR, Clerk of House of Representatives, et al.**

3 Div. 141.

Supreme Court of Alabama.

Dec. 19, 1935.

A. A. Carmichael, Atty. Gen., and C. L. Rowe and Walter J. Knabe, Asst. Attys. Gen., for appellee.

FOSTER, Justice.

The bill alleges that complainant, W. B. Leedy, is a resident citizen and taxpayer, paying taxes on real estate owned by him in Alabama. It seeks an injunction against certain state officials to prohibit the payment of funds out of the state treasury to members of the Legislature under an act known as House Bill No. 322, approved June 12, 1935, entitled, "An Act to Provide for the Payment of Official Expenses of Members of the Legislature." The court granted a temporary injunction, but later granted a motion to dissolve the injunction. From that decree an appeal was taken to this court.

A motion has been filed in this court, alleging that appellant has died since the appeal was taken; and that Mrs. Maza S. Leedy has qualified as executrix of his estate, and seeks to have the cause revived in her name as such executrix. It is now

John A. Yung, of Montgomery, for movant.

submitted on that motion. Section 6147, Code.

When the entire right sought to be recovered or enforced in an action is not descendable, but perishes with the death of the plaintiff, and he dies after an appeal is taken, it will not be revived under that or any other statute or right. Clancy v. Stephens, 92 Ala. 577, 9 So. 522, 524.

Neither section 6147 nor 6552, Code, was intended to extend the right to revive when it did not otherwise exist, but they only served to provide a simple remedy of revival.

This is an equity suit, and the right to revive it in this court depends upon whether such right would exist had complainant died before the decree was rendered in the trial court, since no right was by the decree vested in the complainant. The question then is whether such reviver would have been proper had he died before that decree was rendered.

The statutes in Alabama do not fix the circumstances when a reviver will be made in equity, but only how it shall be done. Ex parte Liddon, 225 Ala. 683, 145 So. 144. Under those statutes, as there pointed out, if the right sought to be enforced is not descendable, the suit may not be revived after the death of complainant. This situation in equity is not to be confused with certain personal actions at law, which may be revived not because the cause of action survives, but because, by section 5712, the action after it is begun does so. Webb v. French, 228 Ala. 43, 152 So. 215, and cases cited.

When a complainant in equity is seeking redress which is personal and not to protect a property right, his equitable cause is not descendable. Allen v. Pugh, 206 Ala. 10, 89 So. 470, 472; Cain v. Burger, 219 Ala. 10, 121 So. 17; Ex parte Liddon, supra.

The right sought by the motion to revive made in the instant suit depends therefore upon whether the equity sought to be enforced in the bill is descendable, and that is dependent upon whether it is a personal or a property right which is involved. To settle that question we must analyze the nature of the taxpayer's suit. The history of this nature of suit is interesting and helpful in passing on the question. It was first definitely asserted in Alabama, without statute, in New Or-leans, M., etc., R. R. Co. v. Dunn, 51 Ala. 128, and has been many times reasserted. Allen v. Intendant, etc., of LaFayette, 89 Ala. 641, 8 So. 30, 9 L.R.A. 497; Inge v. Board of Public Works, 135 Ala. 187, 33 So. 678, 93 Am.St.Rep. 20; Gillespie v. Gibbs, 147 Ala. 449, 41 So. 868; Kumpe v. Bynum, 158 Ala. 311, 48 So. 55.

In some states the right was denied and statutes conferring it were enacted; among them were Massachusetts and New York. 6 McQuillin on Municipal Corporations, §§ 2740 (2575) and 2742 (2577); 44 Corpus Juris 1375; 4 Dillon on Municipal Corporations (5th Ed.) § 1585 (920), page 2772.

[6] By the general principle, which we have adopted, he may sue for himself alone or on behalf of himself and others having a community of interest, or by any member, but all need not join. New Orleans, M., etc., R. R. Co. v. Dunn, supra; 6 McQuillin on Municipal Corporations § 2740, p. 664; 4 Dillon on Municipal Corporations (5th Ed.) §§ 1581 (916), 2767 (2602), p. 2767; Crampton v. Zabriskie, 101 U.S. 601, 25 L.Ed. 1070.

Those states which denied the general right without statute reasoned that, such a suit being a class bill in the common interest of all, an individual had no peculiar right other than did the mass of other taxpayers. 6 McQuillin on Municipal Corporations, § 2752 (2587) and notes, p. 694. We refer especially to New York, as one of the leading states so holding. That state refused to adopt the theory of a class suit, maintainable by any member of that class when not interested any more than others in it. It therefore enacted a statute (2 Rev.St.N.Y. 1829, p. 447, pt. 3, c. 8, tit. 2, § 1), "that for wrongs done to the property, rights, or interests of another, an action may be brought by the person injured, or, after his death, by his executors or administrators, against such wrongdoer, in the same manner, and with like effect, in all respects, as actions founded upon contracts." Gorden v. Strong, 158 N.Y. 407, 53 N.E. 33.

The effect of that act was not that a member of a class may sue to enforce the equitable remedy, but that it may be done by one, because of and directly to protect his property from injury or loss. The right to pursue such remedy without statute is not because of any peculiar property damage which complainant may suf-

fer, but because he is a member of a class all of whom are similarly situated and interested for the same reason. 6 McQuillin, supra, pp. 661-3; Schlanger v. West Berwick Borough, 261 Pa. 605, 104 A. 764.

The New York statute did not confer a personal right by reason of the membership in a class, but it conferred a remedy upon one who would suffer loss in his property rights, and the remedy was made expressly descendable, as we read the case cited above..

In our case of Allen v. Pugh, supra, this court was dealing with a right to contest a will in equity, bestowed upon "any person interested in any will." Section 10637 (6207), Code. That was held to mean only those who had a direct legal or equitable interest in the estate which would be injuriously affected by the establishment of the will. Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, Ann. Cas. 1917C, 903. But in Allen v. Pugh, supra, it was held that this right was personal and not that of a property interest; and that complainant must be of that personal description at the time the will was admitted to probate. And since an administrator of one who had that personal right when the will was probated, but later died, did not in his representative capacity have it at that time, he, as such, was not in the class on whom the right was conferred. Otherwise expressed, the statute created a class of individuals who could thus contest. The right was personal to each such individual, though the basis of his membership in this class was his status in respect to property rights.

So in this suit the right to sue, under the theory in Alabama, as well as in all the states, is that one, at the time he begins the suit, belongs to a certain class of persons, the basis of whose classification is that they are taxpayers. It is a personal right in each such member, not in a representative capacity as trustee, but for himself, though others in the class are equally interested with him and may or may not in their discretion join in the suit.

Some states, as we have shown, refuse to admit that such a cause of action exists. They have created a remedy making it a property right, not changing the theory that as a personal right it does not exist.

In Alabama we have no need for statute conferring a personal right, because our court at an early date recognized the right though it was personal. But since it is personal, it is not descendable, because the administrator did not, as such, possess it at the time the suit was begun. It would be contrary to the theory of our cases, and not contrary to the New York case, based upon a different legal status, to permit the reviver in this suit.

The motion to revive is denied, and the cause abated.

All the Justices concur, except ANDERSON, C. J., not sitting.