12 So.2d 410

**LAND v. COOPER et al.**

2 Div. 186.

Supreme Court of Alabama.

March 11, 1943.

Adams & Gillmore, of Grove Hill, for appellant.

W. H. Lindsey, Jr., of Butler, for appellees.

LAWSON, Justice.

This is a suit by bill in equity, filed by L. M. Cooper against Robert Land, to redeem under the statute, Section 727, Title 7, Code of 1940, certain real property located in Choctaw County, Alabama, sold under the power of sale in a mortgage, which was purchased at the foreclosure sale by Robert Land.

G. E. Henson in 1936 executed and delivered a mortgage on the said lands to one A. D. Majors. In January of 1937 Henson executed and delivered a mortgage on the same land to the Choctaw Bank of Butler, which mortgage was in December, 1937, assigned and transferred to the said A. D. Majors. Thereafter, on February 5, 1940, L. M. Cooper, the complainant below, purchased at sheriff's sale "all the legal rights, title, interest and claim which the said George Henson had and held" in the property here involved.

On April 3, 1940, approximately two months after the complainant below purchased George Henson's interest in the property, Majors foreclosed his mortgages thereon and Robert Land purchased said property at the foreclosure sale.

Thereafter, on the 19th day of November, 1940, L. M. Cooper, the purchaser of Henson's interest in the lands at the sheriff's sale, filed this suit to redeem from the foreclosure sale. Demurrer was sustained to the original bill. The bill was amended and demurrer filed thereto. Before the trial court passed on the demurrer to the amended bill, L. M. Cooper, the complainant below, died. Motion was thereafter made that the appellees (administrator of the estate of L. M. Cooper and his heirs at law) be substituted as complainants in the cause.

The trial court on July 14, 1942, granted said motion and ordered that the administrator of L. M. Cooper and his heirs at law be substituted as parties complainant. On the same day the trial court rendered a decree overruling respondent's demurrer to the amended bill.

The respondent, Land, has appealed to this court, assigning as error the trial court's action in overruling his demurrer to the amended complaint, and in substituting the administrator and heirs at law as complainants in lieu of L. M. Cooper, deceased.

The order of the trial court substituting the appellees as parties complainant in lieu of L. M. Cooper is not such an order or decree as will support an appeal. Lee v. Harper, 90 Ala. 548, 8 So. 685. It has also been held that, if no provision is made by law for an appeal from an interlocutory decree, such decree may not be assigned as error on an appeal from another interlocutory decree. Fogleman v. National Surety Co., 222 Ala. 265, 132 So. 317; Ex parte Green, 221 Ala. 415, 129 So. 69. Counsel for appellant does not contend to the contrary, admitting in brief that the appeal is necessarily based on the ruling on demurrer, but insists that we should review the order or decree of substitution for the reason that if the substituted parties cannot maintain the action, the litigation is at an end and a discussion of the alleged defects in the bill would be purely academic.

We are of the opinion that if it appears on the face of a record properly before this court that the litigation therein involved has been abated by the death of the sole complainant and cannot be revived because the cause of action does not survive, that the appeal should be dismissed for the reason that there is nothing remaining in the trial court which will authorize an appealable decree.

Appellant insists that the order of substitution is erroneous for the reason that while L. M. Cooper had a right to redeem under the statute, as a vendee of the original debtor or mortgagor, that such right of redemption, after the foreclosure of the mortgage, was not descendible to his heirs, inasmuch as it was not a property right, but a mere personal privilege existing in L. M.

Cooper alone. Appellant concedes that L. M. Cooper could have conveyed his right or redemption in such a manner that his assignee or vendee could have exercised the right so acquired from him, but contends that neither the heirs at law nor personal representative of L. M. Cooper has a right of redemption either directly under the statute or by inheritance.

The question, therefore, is whether a bill filed by a vendee of the debtor (mortgagor) to redeem from a foreclosure sale may be revived in the name of the personal representative and heirs at law of said vendee. It seems to be well settled by the recent decisions of this court that the right to revive a suit in equity upon the death of complainant depends upon whether the right sought to be enforced is descendible. Ex parte Liddon, 225 Ala. 683, 145 So. 144; Leedy v. Taylor, 231 Ala. 317, 164 So. 820. The cases just cited were decided prior to the adoption of Equity Rule 35, Title 7 Appendix page 1080, Code of 1940, which now controls the revival of suits in equity, but the rule laid down in those cases is not changed by the new rule, in fact it is expressed in the rule itself. Equity Rule 35, supra, is in pertinent part as follows:

"Revivor shall be by motion except as otherwise provided in this rule.

"If a party dies, and the cause of action survives, the court or the register, within twelve months, may order substitution of the proper parties. If substitution is not made within such time the bill or cross-bill shall be dismisssed as to the deceased party."

It is well established in this state that the statutory right of redemption is neither property, nor the right of property; that it is not subject to levy or sale as such under execution and that it is a right or privilege personal to the debtor. This principle has been recognized in many decisions of this court and is now embraced in our statutory law. Section 743, Title 7, Code 1940; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61; Powers et al. v. Andrews, 84 Ala. 289, 4 So. 263.

The question as to whether or not those persons who are given the right to redeem under the terms of Sections 727 and 742, Title 7, Code of 1940, may be substituted as parties complainant, where the original complainant dies after filing suit to redeem from mortgage foreclosure sale, is not necessary to the decision of this case.

We are of the opinion that the statutes of this state relating to such redemptions do not give to the personal representative or heirs at law of a deceased vendee or assignee of the debtor (mortgagor) the right to redeem. Certainly if they do not have the right to institute an original proceeding they cannot be substituted for a deceased complainant.

Section 742, Title 7, Code of 1940, is as follows: "The right of redemption secured hereby may be asserted within the time limited, by the executor or administrator of the debtor, by his heirs or devisees, or by the executor or administrator of any judgment creditor of the debtor, and against the executor or administrator of the purchaser of the land, or of his vendee."

Obviously, this section does not cover the appellees in this case. Its field of operation is limited to the executor or administrator, the heirs or devisees of the debtor (mortgagor) or to the executor or administrator of any judgment creditor of the debtor (mortgagor). It does not encompass the personal representatives or heirs at law of a vendee of the debtor (mortgagor).

Section 727 of Title 7, Code of 1940, is as follows: "Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in the circuit court, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed by the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within two years thereafter in the manner provided in this chapter."

The comparatively recent case of McDuffie v. Faulk, supra, we think is conclusive of the question here presented. In that case it was held that the wife of a vendee of the debtor (mortgagor) could not redeem under this statute. True, that case was construing Section 5746 of the Code of 1907 and it is also true that there have been some slight changes in the language of the statute. However, we do not believe such changes are here material.

We are of the opinion that the suit filed by L. M. Cooper abated with his death and could not be revived in the name of the appellees. Therefore, the court's action in overruling the appellant's de-

murrer will not support an appeal and the appeal must be dismissed.

Appeal dismisssed.

GARDNER, C. J. and BOULDIN and FOSTER, JJ., concur.