24 So.2d 436

**LAND** et al. v. COOPER et al.

**2 Div. 214.**

Supreme Court of Alabama.

Nov. 23, 1945.

Rehearing Denied Jan. 31, 1946.

Adams & Gillmore, of Grove Hill, for appellants.

W. H. Lindsey, Jr., of Butler, and Howard Scott, of Chatom, for appellees.

THOMAS, Justice.

The respective parties agree upon the facts and the provisions of complainants' paragraph seven are indicated below. The

contract for the sale of timber of date of October 28, 1937, will be set out.

■ The 1943 amendment of Title 7, § 742, Code 1940, inserted the words "or by the executor or administrator of any vendee, by his heirs or devisees", to the statute authorizing redemption as it comes to us from Code 1923, § 10155 et seq., Code 1940, Tit. 7, § 742 et seq. The recent construction of the statute is found in Land v. Cooper et al., 244 Ala. 141, 12 So.2d 410, 412, where the recent rule is stated:

"It is well established in this state that the statutory right of redemption is neither property, nor the right of property; that it is not subject to levy or sale as such under execution and that it is a right or privilege personal to the debtor. This principle has been recognized in many decisions of this court and is now embraced in our statutory law. Section 743, Title 7, Code 1940; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61; Powers et al. v. Andrews, 84 Ala. 289, 4 So. 263.

"The question as to whether or not those persons who are given the right to redeem under the terms of Sections 727 and 742, Title 7, Code of 1940, may be substituted as parties complainant, where the original complainant dies after filing suit to redeem from mortgage foreclosure sale, is not necessary to the decision of this case."

What then are the facts as contained in the instant pleading to which demurrer was overruled?

The original bill was filed by L. M. Cooper against Robert Land and John Land, seeking a decree declaring a mortgage foreclosure premature and to exercise his *equity of redemption;* or, if the foreclosure be held valid, permitting complainant to exercise his *statutory right* of redemption. L. M. Cooper thereafter died, intestate, and his administrator and heirs at law were substituted as complainants. As last amended, complainants-appellees are the heirs at law and the administrator of L. M. Cooper. Respondents-appellants are Robert Land and John Land.

The facts are that in 1934 W. P. Cooper owned a tract of land embracing 1206 acres, described in the bill. On July 5, 1934, he executed a mortgage thereon to the Executor of J. R. Land for $3566.96, which was later acquired by Robert Land, individually. The debt secured by the mortgage was due November 1, 1934, and there is no allegation that the maturity date of the debt was ever extended by the mortgagee. On October 28, 1937, W. P. Cooper and his wife and Robert Land executed a timber contract to Long Bell Lumber Company, a copy of which is attached to the original bill as an exhibit. The same instrument appears as Exhibit C to the amended bill. The outcome of this litigation turns on the legal effect of this instrument.

By the terms of this contract, said Cooper and Land, for a consideration of $2,000.00, convey and warrant to Long Bell Lumber Company 666,000 feet of timber, to be selected by Long Bell from the lands mentioned above, and being that embraced in the mortgage. Long Bell was granted five years within which to remove said timber. It was further stipulated that when the 666,000 feet had been cut and removed, Long Bell "shall have the right to cut over and additional timber from said lands for which it agrees to pay $3.00 per thousand feet as and when the logs therefrom are delivered and scaled at its sawmills." That the cutting of such additional timber is made "entirely optional" with Long Bell. That if Long Bell shall cut such additional timber, it shall pay to Robert Land the $3.00 per thousand feet until Land shall have been paid $700.00 with interest at 8% from October 28, 1937. Then if additional timber is cut, the payments shall be made to Cooper. No time limit is stipulated for exercise of this "option." Does the five-year limitation relate to the 666,000 feet alone, or to the cutting that may be done under the option? It is to be noted that the option to cut additional timber becomes operative "when the 666,000 feet (sold outright) has been cut and removed." But the contract is silent as to how long it continues. The mortgage is not mentioned in the contract.

The amended bill (¶7) alleges, with respect to this contract: "That the said Long Bell Lumber Company has *failed and refused* to exercise its right and option to cut any timber from said land since the completion of the cutting of the aforesaid 666,000 feet of logs and that said contract does not expire until 5 years from the date of same, viz: October 28, 1937; and that Long Bell Lumber Company had at the time of the foreclosure of the mortgage, hereinafter referred to, and at the time of the filing of this bill of complaint the right to go on said land and cut timber and pay to Robert Land stumpage therefor at the rate of $3.00 per thousand feet until the said

Robert Land has been paid the sum of $700.00, with interest thereon at the rate of 8% per annum from the 28th day of October, 1937, and that when the said Robert Land has been paid the said $700.00, with aforesaid interest, the entire mortgage indebtedness will have been paid in full. Complainants say further that there is more than one million feet of timber standing on said land and that the said Long Bell Lumber Company has until October 28th, 1942, to cut and remove same should it elect to exercise its option to do so."

Appellee correctly observes that there is no allegation that maturity of the mortgage debt was extended, or that said Land agreed to withhold foreclosure, or to grand extension of time to mortgagor Cooper pending Long Bell's exercise of its option to cut additional timber.

Cooper (W. P.) died intestate in 1938, survived by his widow and ten children, named in the bill. Land foreclosed his mortgage on August 23, 1939, and purchased at the foreclosure sale for $1250.00, as he had the right to do under the terms of the mortgage. The bill charges that the transferee Land had no right to foreclose *prior to* *"expiration of the timber contract"*, alleging in the amended pleading that Long Bell "has until October 28, 1942, to cut and remove same should it elect to exercise its option to do so." This allegation tends to conflict with the allegation that Long Bell *"failed and refused"* to cut additional timber after cutting the 666.000 feet, this cutting being before the expiration date of October 28, 1942. The alleged foreclosure has been challenged and the bill charges that the purported foreclosure was premature and is "null and void."

In 1939 John Land, a son of Robert Land, purchased undivided interests in these lands from five of the ten children of W. P. Cooper, but his conveyances from Eddie Bacon, Sue Rose and Cola Hayes, three of the children, purported to convey only an undivided 1/11 interest each, leaving Eddie Bacon, Susie Rose and Cola Hayes each owning 1/110. John Land's deeds from Selma Hinson and Emmitt D. Cooper correctly conveyed 1/10 each.

L. M. Cooper (the original complainant), a son of W. P. Cooper, purchased in 1940 the interests of Mrs. I. D. Cooper, widow of W. P. Cooper, and of Della Belcher, Laura Cooper and Grady Cooper, three of the children. No disposition is shown of the interest of James Cooper, one of the children of W. P. Cooper.

The land sold for taxes on July 7, 1938, to J. M. Boney, who transferred his tax sale certificate to Charles Land, a son of Robert Land. L. M. Cooper redeemed on June 30, 1941, for which he paid $470.43.

The original bill was filed August 14, 1941, by L. M. Cooper. He died intestate on November 3, 1941. Preston Cooper was appointed administrator of his estate on November 11, 1941. On motion filed February 25, 1942, the administrator and the heirs at law of L. M. Cooper were substituted as parties complainant, and the cause revived. The order of substitution and revival was entered August 15, 1942, and was incorporated in a decree sustaining demurrers to the original bill.

The original bill filed against Robert Land and John Land prayed for an order declaring the foreclosure void and that L. M. Cooper be permitted to exercise his *equity of redemption*. He offered to pay the balance of the debt, and sought an accounting to determine the required amount. In the alternative, he prayed to be permitted to exercise his *statutory right of redemption,* if the foreclosure be held valid.

The amended bill still seeks the same relief in behalf of the substituted complainants. With respect to the alternative relief sought (to exercise statutory right of redemption if the foreclosure be held valid), it is alleged that L. M. Cooper made demand for a statement of the debt and lawful charges. A copy of the statement submitted by Land in response to the demand appears, and it is alleged that the statement is incorrect, contains improper items, and that complainants are unable to ascertain the correct amount necessary to redeem. That complainants are ready, able and willing to pay the amount necessary to redeem.

The several insistences of appellant are that the execution of the Long Bell contract did not per se operate to suspend Land's right of foreclosure. That when Long Bell, having cut its 666,000 feet, *"failed and refused"* to cut additional timber, then and thereafter nothing in the Long Bell Contract precluded Land from foreclosing, as transferee of the mortgage. That L. M. Cooper's statutory right to redeem died with him and a bill pending at the time of his death, seeking to exercise that right, is abated by his death. Land v. Cooper, 244 Ala. 141, 12 So.2d 410.

It was insisted on oral argument that there is conflict in the last cited authority and Heartsill et ux. v. Thompson, 245 Ala. 215, 16 So.2d 507; and Ex parte Liddon, 225 Ala. 683, 145 So. 144; Leedy v. Taylor, 231 Ala. 317, 164 So. 820; McDuffie v. Faulk, 214 Ala. 221, 107 So. 61. As we understand the respective facts, there is no such conflict in the decisions. The foregoing decisions were rendered before the adoption of Rule 35, Title 7, Code 1940, p. 1080, and the adoption of said rule does not change the decisions of the court as rendered. The new rule controls the revival of suits in equity. The question decided in Land v. Cooper, supra, was whether a bill filed by a vendee of the debtor (mortgagor) to redeem from a foreclosure sale may be revived in the name of the personal representatives and heirs at law of such vendee. It was stated that the rule that obtained is well settled by the recent decisions we have indicated, that the right to revive a suit in equity upon the death of complainants depended "upon whether the right sought to be enforced is descendible." See Denson v. Provident Mut. Life Ins. Co., 231 Ala. 574, 166 So. 33.

It follows from the foregoing that the amendment filed August 15, 1942, as substituted parties complainant, the administrator and heirs at law of L. N. Cooper, was without the provisions of the statute for redemption as found in the Code of 1940. Under the decision in Land v. Cooper, 244 Ala. 141, 12 So.2d 410, L. N. Cooper's statutory right of redemption died with him, and a bill pending at the time of his death, seeking to exercise that right, was abated by his death. We have carefully examined the Long Bell contract and are of opinion that it did not per se suspend Land's right of foreclosure. We may observe further that when Long Bell, under such contract agreement, had cut its 666,000 ft of lumber purchased within the contract period, and thereafter specifically *"failed and refused"* to cut the additional timber by way of option provided for in the contract, there was thereafter nothing in such contract precluding Land from foreclosing his mortgage, which had long been due and payable. An option once exercised without equivocation is not subject to withdrawal or change without consent of the parties interested therein. Citations on options are numerous. Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 118 So. 513; Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342; Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.
Application overruled.

GARDNER, C. J., and FOSTER, LAWSON and STAKELY, JJ., concur.