**SPRIGGS, Admrx., Plaintiff-Appellant, v. DREDGE, Admr., Defendant-Appellee.**

Ohio Appeals, Second District, Clark County.

No. 524. Decided November 8, 1955.

Herman O. Abele, George M. Winwood III, Springfield, for plaintiff-appellant.

William E. Bailey, Cole & Cole, Springfield, for defendant-appellee.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court sustaining the defendant's motion for a judgment on the pleadings. The facts pertinent to the issues are all admitted by the pleadings and may be briefly stated. The action was instituted by Thelma H. Spriggs

as Administratrix of the Estate of Roy Spriggs, Deceased, who along with the defendant's decedent, A. Blee Dredge, was involved in an automobile accident on highway 241 in the State of Alabama on August 24, 1951. The defendant's decedent was fatally injured in the accident and plaintiff's decedent received injuries from which he died on August 30, 1951. A recovery is sought for the wrongful death.

The question presented is whether under the laws of the state of Alabama the cause of action survived the defendant's decedent's death and could be maintained against his personal representative. The laws of the state of Alabama must be applied to the relief sought in this state. Sec. 2125.01 R. C. provides:

"When death is caused by a wrongful act, neglect, or default, in another state, territory, or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state, territory, or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state, territory, or foreign country."

It appears that at the time the cause of action arose, to wit, on August 24, 1951, there was in effect in said state Title 7, Section 123, of the Code of Alabama, which provided:

"A personal representative may maintain an action, and recover such damage as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere for the wrongful act, omission or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."

There was also in effect at said time Title 7, Section 150 of the Code of Alabama, as follows:

"Actions survive to and against representative.—All actions on contracts, express or implied; all personal actions, except for injuries to the reputation survive in favor of and against the personal representatives."

The foregoing section was amended, however, on September 5, 1951, to read as follows:

"All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor."

It clearly appears that under this amendment the action could be maintained if it applied to all actions instituted after its effective date, but it is urged by counsel for the defendant that it may not be given such application for the reason that it is not remedial in character but relates to substantive law. It is conceded by all of counsel that if the amendment relates only to the remedy by which a given right might be enforced, it could be applied to the case at bar. It seems to be further conceded that if it creates new substantive rights it may not be given retrospective effect unless it is so provided in the enactment. The trial court was of the opinion that the amendment was substantive rather than remedial and since it contained no expression of intention to make it retrospective that it could have no application to the facts in this case. We are in accord with this conclusion for the reason that the courts of Alabama have held on several occasions prior to the effective date of said amendment that a tortfeasor's wrongs died with him and that no cause of action existed against the decedent's estate. In Wynn v. Tallapoosa County Bank, 168 Ala. 469, the Court held in the syllabus:

"48. In the absence of a statute the estate or property of decedent cannot be held liable for the torts or wrongs which are buried with decedent's body, and there being no such statute in this state, providing for the survival of such causes of action, actions therefor do not lie against a personal representative.

"49. At common law not only the cause of action but the action itself dies with the person of the perpetrator of a tort or a wrong."

In Webb v. French, 228 Ala. 43, 152 So. 215, the Court held:

"1. Where plaintiff's decedent was killed in an automobile accident in a car driven by defendant's decedent, who died shortly thereafter (before any action was commenced) and who was allegedly intoxicated, plaintiff had no cause of action, either under the homicide statute or the statute relating to intoxicating liquors.

"2. Statute providing that actions shall not abate by death of the parties and may be revived in favor of and against personal representatives does not keep alive the right of action so that suit may be brought in the first instance against the executor or administrator of the estate of the deceased tort feasor.

"3. Death actions are statutory."

Now, if no right of action existed against a tortfeasor prior to the amendment of September 5, 1951, and the amendment created such a right, it appears to this Court that it relates to a substantial matter and creates a substantial right. It therefore is not remedial in character. With reference to the effective date of such an enactment it is stated in 16 Am. Jur. Sec. 58, p. 44:

"Statutes giving a right of action for wrongful death or changing the rights of the parties in regard thereto form no exception to the well-settled rule that a statute will not be given a retroactive effect by construction, unless the legislature has so explicitly expressed its intention to make it retroactive as to leave no reasonable doubt thereof. Indeed, where the Constitution of a state prohibits retrospective laws touching civil rights, retrospective statutes extending the right of recovery in actions for injuries resulting in death to additional cases are void,

since they affect not the remedy, but the substantive rights of the parties. On the other hand, if the statute merely relates to modes of procedure, it is not within a constitutional inhibition against retrospective legislation. In fact, newly enacted wrongful death statutes are frequently held to apply to pending actions, where they affect only the mode of procedure, and not the substantive rights of the parties."

In examining Title 7, Section 150 of the Code prior to the last amendment it will be observed that it provides for the survival of certain actions "in favor of and against the personal representative," but it makes no provision for causes of action, which is included for the first time in the amendment of September 5, 1951, to wit:

"All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor."

The word "action" is defined in the case of Wynn v. Tallapoosa, supra, at page 490, to wit:

"The Latin word 'actio,' as used in the civil law, meant both the proceeding to enforce the right and the right itself.—Rapalje's Law Dict. But the English word 'action,' derived from it, was never given that dual meaning in the English common law, nor in our common law. It is defined by Rapalje as 'a civil proceeding taken in a court of law to enforce a right.' Coke defines it as 'the form of a suit given by law for the recovery of that which is one's due; the lawful demand of one's right' (Co. Litt. 285). Blackstone, as 'the means by which men litigate with each other' (3 Black. Com. 116, 117). Bracton, as the act of three parties, the plaintiff, the defendant, and the court.—People v. Colborne, 20 How. Prac. (N. Y.) 378, 380. The courts of Tennessee, Mississippi, New York, Pennsylvania, Maine, New Hampshire, and Iowa, and many others, as well as the Supreme Court of the United States, have all practically defined it, like the above authors, as a demand for or a presentation of one's rights in a court of justice.—* * *

\*          \*          \*          \*          \*

"There are a great many more authorities cited in Words & Phrases (volume 1, p. 128 et seq.), to practically the same effect. We only cite these to show that our statute as to the survival of 'actions' does not include 'causes of actions,' or 'rights of action." Our statute on the subject is as follows, Code, Sec. 2496: 'All actions on contract, expressed or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives."

In giving application to the terms "action" and "cause of action" as expressed supra, we conclude that since there was no action pending at the time of defendant's decedent's death, there was nothing to survive prior to the amendment and said amendment may not be given retrospective effect.

We find no error in the record and the judgment will be affirmed.

HORNBECK and CONN, JJ, concur.