PER CURIAM.
The question presented is whether Heal-thAmerica Alabama, a limited partnership, sold, gave, or otherwise disposed of alcoholic beverages to another contrary to law, so as to subject itself to liability under the Dram Shop Act, Code 1975, § 6-5-71.
HealthAmerica contracted with River-chase Country Club for Riverchase to organize and cater a party on Riverchase’s premises to be hosted by HealthAmerica. Riverchase is licensed by the Alcoholic Beverage Control Board to dispense alcoholic beverages; HealthAmerica is not such a licensee. At the party hosted by Heal-thAmerica, Riverchase employees allegedly continued serving alcoholic beverages to a visibly intoxicated guest[1] whose intoxication allegedly caused an automobile accident in which plaintiff’s decedent was killed.
Section 6-5-71(a) provides:
“Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.”
The legislature has give the ABC Board the authority to make rules and regulations that have the force and effect of law. Code 1975, § 28-3-49. One such regulation that the board has promulgated is Regulation 20-X-6.02(4): “No on premises licensee may serve a person any alcoholic beverage if such person is acting in such a manner as to appear to be intoxicated.”
This regulation patently applies only to licensees and so does not apply to Heal-thAmerica. Therefore, plaintiffs injuries[2] were not caused by HealthAmerica’s dispensing of liquor contrary to this regulation, which has the force and effect of law. There is nothing else tending to show that HealthAmerica dispensed alcoholic beverages contrary to law. See generally, Martin v. Watts, 513 So.2d 958 (Ala.1987); Ward v. Rhodes, Hammonds, & Beck, Inc., 511 So.2d 159 (Ala.1987); Beeson v. Scoles Cadillac Corp., 506 So.2d 999 (Ala.1987); DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979).
For the foregoing reasons, the summary judgment for HealthAmerica is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, BEATTY and HOUSTON, JJ., concur.

. There is no indication that this guest was a minor.

. We make no judgment as to the viability of plaintiff's claim in other respects. See Webb v. French, 228 Ala. 43, 152 So. 215 (1934).