This is an appeal from a trial court order denying the appellant leave to challenge the testatrix's will and dismissing with prejudice his petition for intervention. We affirm.
The testatrix, Evalyn Brewer Ames, had three children: John Brewer Ames, Mortimer Parker Ames, and Sherry Ames Ware. James Hackney Ames, the appellant, is the minor son of John Brewer Ames and Mae Hackney Ames, and is a grandson of the testatrix. On July 25, 1975, the testatrix executed a will. The terms of the will provided that the bulk of the estate would be placed in two testamentary trusts. Trust A was for the benefit of John Brewer Ames, Mae Hackney Ames, and the testatrix's grandchildren, and Trust B was for the benefit of Mortimer Parker Ames, his wife, and the testatrix's grandchildren. The decedent's daughter, Sherry Ames Ware, was excluded from the 1975 will.
Item seven of the will provided that the net income from Trust A would be paid to John Brewer Ames and Mae Hackney Ames for life. Item seven further provided, in pertinent part:
 "At the death of my said son, John Brewer Ames, or if he shall be survived by his said wife, Mae Hackney Ames, as herein provided, upon her death, Trust "A" shall cease and terminate and shall go and belong to such of my grandchildren, including the children of my daughter, [Sherry] Ames Ware, as may be living at the time of the death of my said son or at the death of said Mae Hackney Ames, if she be a beneficiary of the trust at the time of her death, in such proportions as the survivor of John Brewer Ames or Mae Hackney Ames shall appoint by his or her will. This power of appointment is a special power of appointment and is to be construed as such, and is expressly limited to and in favor of my said grandchildren; and in default of such appointment by my said son or daughter-in-law, then the property constituting Trust "A" shall go in equal shares, per stirpes, to the then living issue of my said son, John Brewer Ames, per stirpes. Any attempted exercise of said special power of appointment in favor of any person or class of persons other than my grandchildren, or exercise of such power of appointment by the appointee in favor of his or her estate, his or her creditors or the creditors of his or her estate shall be null and void."
On October 15, 1984, the testatrix executed a new will and revoked all prior wills. Under the terms of this will, one-third of the residual estate plus $45,000 passes to Sherry Ames Ware; one-third of the residual *Page 572 
estate plus $45,000 passes to Mortimer Parker Ames; and one-third of the residual estate, less $93,000, is to be placed in trust for the benefit of John Brewer Ames, his wife, and their children. Specifically, the will provides that the trustee is to pay the income from the trust to John Brewer Ames and his wife during their respective lives, and upon the death of the last of them to die the trustee is to pay the corpus to their children, including the appellant, in equal portions.
The testatrix died in Dallas County on April 2, 1987. The will she executed in 1984 was admitted to probate on April 29, 1987. On May 24, 1988, the appellant, through his guardian, filed a petition for intervention and filed a request for stay of distribution or, in the alternative, for leave to challenge the validity of the will. In the petition, the appellant alleged that he was an "interested party" under Alabama Code 1975, § 43-8-190, and that he was entitled to intervene and challenge the 1984 will because he was "a beneficiary to apotentially larger portion of the estate of the deceased under item seven of the 1975 will" (emphasis added). The appellant asserted that the 1984 will was the product of fraud and undue influence, and that the decedent was mentally unable to make a will at the time the 1984 will was executed.
On July 12, 1988, the executor of the estate filed an answer to the petition and a motion to dismiss. The executor maintained that the appellant lacked standing to contest the 1984 will because he was not an "interested party" within the terms of the statute, Code 1975, § 43-8-199. On July 15, 1988, the appellant's parents, John Brewer and Mae Hackney Ames, executed documents that purported to release the special powers of appointment granted to them under item seven of the decedent's 1975 will.
On August 25, 1988, after considering the briefs and arguments of counsel, the circuit court of Dallas County entered a written order denying the appellant leave to challenge the will, and dismissing his petition with prejudice. The court stated that the appellant lacked standing to contest the decedent's 1984 will because he will receive an equal or greater share under the 1984 will than he would have received under the 1975 will, and would have inherited nothing if the testatrix had died intestate.
The parties agree that the only issue that must be decided on appeal is whether the appellant has standing to contest the 1984 will. The appellant contends that he has standing because, under the 1975 will, he had a vested remainder interest and would have received a larger share of the estate than he will receive under the 1984 will. The appellee argues that the trial court correctly determined that the appellant does not have standing because, at the time of probate, his interest under the 1975 will was speculative and uncertain, and he cannot prove that his interest would be injuriously affected by establishment of the 1984 will. We agree with the appellee.
Code 1975, § 43-8-199, provides that any person interested in a will who has not previously contested the will, may, at any time within six months after the will has been admitted to probate, contest its validity by filing a complaint in circuit court. Additional time is granted to infants who were not represented by counsel at the time the will was admitted to probate. Code 1975, § 43-8-201. In order to be considered an "interested person" and have standing to contest a will, an individual must, at the time of probate, have some interest that would be injuriously affected by the establishment of the contested will. Cain v. Burger, 219 Ala. 10, 12, 121 So. 17, 19
(1929). To maintain a will contest, it is essential that the contestant have a real, beneficial interest, not simply an expectancy or an inchoate right. Id.
The appellant cannot show that he possesses a real, beneficial interest in the estate which will be injuriously affected by the probate of the 1984 will. Item seven of the 1975 will provided the appellant's parents with testamentary powers of appointment that would have permitted the survivor of the two to distribute the corpus of the trust among all of the decedent's grandchildren in any proportions he or she desired. *Page 573 
Thus, under the 1975 will, the appellant could have been excluded from any participation in the distribution of the trust corpus. The interest he now claims in the estate under the terms of the 1975 will is based on sheer speculation and amounts to nothing more than an expectancy, which cannot be injuriously affected by establishment of the 1984 will. Under the 1984 will, however, the appellant is to receive a vested interest in the estate, and he cannot be excluded from participation in the assets of the trust that was established for the lifetime benefit of his parents. On the facts before us, we cannot say that the appellant has a real, beneficial interest that will be harmed by establishment of the 1984 will. In his petition seeking leave to challenge the will, the appellant implicitly admitted this when he stated that, under the 1975 will, he was the beneficiary of a potentially larger share of the estate. Because the appellant would have a mere expectancy under the earlier will, he does not have standing to contest the 1984 will.
The appellant contends that the releases of the powers of appointment executed by his parents ensure that his interest under the 1975 will cannot be divested, and that he will share in the estate in accordance with the default provision of the will. He argues that the releases make his participation in the estate under the 1975 will a certainty and, therefore, that there remains no doubt that he has standing to contest the 1984 will. We disagree.
The appellee correctly argues that the purported releases were executed and filed too late to have any effect on the appellant's standing to contest the 1984 will. A decision regarding standing to contest a will is made by determining whether, at the time of probate of the contested will, the contestant has a real, beneficial interest under a prior will that would be injuriously affected by the establishment of the later will. See Cain v. Burger, 219 Ala. at 12, 121 So. at 19. As previously discussed, when the 1984 will was admitted to probate, the appellant did not have standing to contest the will because he had nothing but an expectancy that he might share in the testatrix's estate. The appellant's parents did not sign the purported releases until July 15, 1988, more than 14 months after the will was probated, so the documents had no effect on the appellant's standing.
For the foregoing reasons, we conclude that the Circuit Court of Dallas County correctly determined that the appellant did not have standing to contest the 1984 will. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C. J., and JONES, ADAMS and KENNEDY, JJ., concur.