42 So.2d 264

**WARREN v. HILL, HILL, STOVALL & CARTER.**

3 Div. 524.

Supreme Court of Alabama.

June 21, 1949.

Rehearing Denied Oct. 20, 1949.

L. H. Walden, John C. Godbold and Richard T. Rives, of Montgomery, for appellant.

Hill, Hill, Stovall & Carter, of Montgomery, for appellees.

FOSTER, Justice.

In connection with the cross bill filed by James I. Gallagher, separately discussed in another opinion, Warren v. Gallagher,[1] 42 So.2d 261, to which reference is made for further detail of facts here material, appellees filed a petition claiming a fee as attorneys for Ellison in the original bill, in which he filed a suit in equity by petitioners as attorneys to enforce the statutory right of redemption and rendered services in that suit as such attorneys prior to the settlement of it whereby the complainant in effect conveyed his right to redemption to the respondent Warren. Warren was contesting the claim of Ellison. The settlement was not participated in by counsel for either party.

The prayer of the instant petition is to have the court fix and determine a reasonable amount to be paid petitioners for the services rendered Ellison in that litigation under their contract with him, and that a lien for the same be decreed against the interest of Warren in said real estate, and such interest be ordered sold to settle and satisfy the amount of petitioners' claim for such attorneys' fee, and for general relief.

A demurrer to the petition was overruled.

The question on appeal hinges on whether the lien sought to be enforced is one included in section 64, subd. 3, Title 46, Code. The claim is that a suit to enforce in equity a statutory right to redeem land from the foreclosure sale under a mortgage is a suit for the recovery of land, and that for the purposes of that statute a settlement between the parties whereby complainant in effect released that claim is a recovery of same.

The lien under section 64, subd. 3, supra, is only on property recovered. In a suit for the recovery of land, if plaintiff and defendant settle, whereby plaintiff conveys the land to defendant, neither party is in position to question the fact of recovery and, therefore, the lien attaches. Owens v. Bolt, 218 Ala. 344, 118 So. 590.

If the instant suit be for the recovery of land the lien would attach to complainant's interest sought to be recovered. But the statutory right of redemption is a mere personal privilege and not a property right nor interest in property. Section 743, Title 7, Code; Land v. Cooper, 244 Ala. 141, 12 So.2d 410, and cases there cited.

The right of attorneys under section 64, subd. 3, supra, to enforce a lien on the land recovered by plaintiff is dependent upon the proposition that the suit was for the land and resulted in its recovery. It is not material what is the basis of plaintiff's claim: that is, whether he has a property right or a mere personal privilege, if it is sufficient on which to base a claim to the land. The bill sought to assert a right created by statute, which if pursued as there directed and subject to the conditions there expressed, leads to a recovery of the land by plaintiff. When plaintiff filed his suit in equity to redeem the land alleging compliance with the statutory requirements, he was suing for the recovery of land as contemplated by section 64, subd. 3, supra. When plaintiff and defendant settled that suit whereby plaintiff conveyed to defendant, the result,

insofar as that statute was concerned and so far as affected the right of the parties to that settlement, was a recovery by plaintiff as prayed for in that suit. Owens v. Bolt, supra.

So that neither the plaintiff nor defendant is in position to question the fact of a recovery of the land by plaintiff. It is different from a suit for money which after such settlement the attorney must intervene and prosecute the suit successfully to establish his lien. Section 64, subd. 2, Title 46, Code; Owens v. Bolt, supra; Denson v. Alabama Fuel & Iron Co., 198 Ala. 383, 73 So. 525.

We think the demurrer was properly overruled. Appellant is allowed twenty days in which to answer.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.