AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO, LOCAL 295, Plaintiff,

v.

KNOUSE FOODS COOPERATIVE, INC., Defendant.

Civ. A. No. 9392.

United States District Court
M. D. Pennsylvania.

Oct. 17, 1966.

Handler & Gerber, Harrisburg, Pa., for plaintiff.

Smith & McCleary, York, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

This case concerns a labor dispute involving the discharge by defendant-employer of an employee and a grievance concerning the Union Security Clause of the Collective Bargaining Agreement.

This matter is before the Court on Motions for Summary Judgment filed by both plaintiff and defendant, both of whom have filed affidavits in support of their respective motions.

Plaintiff seeks an order directing defendant to proceed with arbitration of the said grievances in the manner provided in a Collective Bargaining Agreement effective February 16, 1965. Defendant contends that the Complaint involves interpretation of various sections of the Agreement and that the said interpretation is not a matter for arbitration, that it is, under the Agreement, a matter required to be submitted to the International Representative of the Union and a representative specifically designated by the Company.

There is no factual dispute in this case. Defendant failed to deny any of the allegations of the Complaint, therefore the allegations of the Complaint must be deemed as admitted. Rule 8(d) of the Federal Rules of Civil Procedure.

Count One of the Complaint avers that on February 16, 1965 Union (plaintiff) and employer (defendant) entered into a Collective Bargaining Agreement effective for a term beginning February 16, 1965 and ending April 1, 1968. The said Agreement, at Article XVII, Grievance Procedure, provides as follows:

"Section 1. Recognition—Any complaints or grievances arising under the terms and provisions of this agreement, or any differences between the parties as to the interpretation and application thereof, and any and all dis-

putes or trouble of any kind which may arise during the life of this agreement, shall be settled and determined exclusively by the grievance and arbitration machinery as hereinafter provided in this Article.

"Section 2. \* \* \* Step 4: In the event the dispute or grievance cannot be settled, the same shall be submitted by either or both parties to arbitration, as set forth in Article XVIII hereof."

Article V, Section 1, of the Agreement provides:

"Section 1. Management of the plants and the direction of the working force, including the right to hire, assign, suspend, transfer, promote, discharge or discipline for just cause, \* \* \* is vested exclusively in the Company."

In Count One it is also averred that on or about November 27, 1965 the employer discharged an employee, one Melvin Herring, and thereafter the Union filed and processed a grievance protesting Herring's discharge. When no settlement was reached, the Union referred the matter to arbitration, but the employer, contending that the grievance was not processed timely, refused to arbitrate.

Count Two of the Complaint sets forth another portion of the Agreement, to wit:

"Section 1. All employees covered by the terms of this agreement shall, as a condition of employment, become and remain a member of the Union not later than the thirty-first (31st) day of employment with the Company in accordance with the terms of the National Labor Relations Act of 1947 as amended." (Article III, Union Security.)

In Count Two it is also averred that on or about January 14, 1966 an employee, one Kuykendall, filed a grievance charging the employer with violations of Article III, Section 1, of the Agreement and the grievance was processed through all intermediate steps of the grievance

procedure and was not satisfactorily settled. The Union referred the grievance to arbitration but the employer refused to arbitrate.

Plaintiff now seeks judgment directing defendant to proceed with arbitration of both grievances.

In its Answer, the defendant quotes Article XVIII, Arbitration, Section 9, of the Agreement, which reads as follows:

"Section 9. Where it becomes necessary to interpret the meaning of any of the terms and provisions of this agreement, such interpretation, construction or meaning shall be made by the International Representative of the Union and the representative specifically designated by the Company to do so."

Defendant also avers that the Agreement provides in Article XVII, Grievance Procedure, Section 2, as follows:

"Section 2. \* \* \* Step 3: If no agreement is reached as the result of the procedure outlined in Steps 1 and 2 above, the grievance shall then be presented by the Union to an official of the Company designated to receive such grievances, which presentation shall be made within ten (10) working days immediately following the disposition of the grievance in the previous step. \* \* \*"

Defendant further states that the interpretation of both of the aforesaid provisions are not matters for arbitration but are matters required to be submitted to the International Representative of the Union and the representative specifically designated by the Company, in accordance with Section 9 of Article XVIII, Arbitration, supra. Defendant attempts to brush aside the all inclusive arbitration clauses of the Agreement by contending that the instant disputes are not arbitrable because they involve questions of contract interpretation.

█ It is difficult to follow defendant's line of reasoning in the light of the clear and unequivocal language of the ar-

bitration clause of the contract wherein it stated, as above set forth:

> "Section 1. Recognition—Any complaints or grievances arising under the terms and provisions of this agreement, or any differences between the parties as to the *interpretation* and application thereof, * * * *shall be settled and determined exclusively by the grievance and arbitration machinery* as hereinafter provided in this Article." (Emphasis supplied.)

In Radio Corp. of America v. Association of Professional Engineering Personnel, 291 F.2d 105, 109 (3d Cir. 1961), the Court said, inter alia:

> "The Supreme Court has very recently made it clear that it is not a court's function in such a situation as this to judge the merits of a grievance which presents a dispute as to the meaning of a provision of a labor contract. So long as the complaining party bases its grievance on an alleged failure to perform an obligation of a contract, a standard arbitration clause making disputes 'involving the interpretation or application of any provision' of the contract arbitrable should be enforced by a judgment requiring arbitration. United Steel Workers of America v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403. In that case the court stated that 'the function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.' 363 U.S. at pages 567–568, 80 S.Ct. at page 1346. Accordingly, if there were nothing relevant in the labor contract except the language already discussed, the present dispute would unquestionably be arbitrable."

In United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.

2d 1409 (1960), the Supreme Court held, inter alia:

> " * * * An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

The issues involved here clearly call for arbitration. Accordingly, Motion of plaintiff for Summary Judgment will be granted and Motion of defendant for Summary Judgment will be denied.