The issue in this case is whether, in all circumstances, the failure to file a written denial of a pleading to which a response is required, under Rule 8 (d), ARCP, admits the allegations of that pleading where the issues tried are embraced in prior pleadings that were responded to in writing.
Under the facts in this case we find defendants' failure to file written denial of plaintiff's added count to his complaint, where the issues presented by such were embraced in other counts which had previously been responded to in writing, did not entitle plaintiff to a directed verdict on the added count.
This is a products liability case filed by Charles Hawk against Bavarian Motor Works and Butler Smith, Inc., manufacturer and distributor, respectively, of motorcycles. Hawk claims he was injured as a result of defects in the BMW motorcycle he was riding. The original complaint contained six counts. The theories upon which Hawk asserted liability of defendants to him for his injuries in certain of those counts were:
 Count One
Negligent design, manufacture, inspection, testing or sale of the motorcycle when it was not reasonably safe for use.
 Count Two
That defendants knew or should have known the motorcycle was not fit and safe for use and negligently failed to warn Hawk that a defect in it would make it wobble, wiggle or vibrate (in the manner Hawk alleged it occurred) resulting in the accident causing his injuries.
 Count Five
Breach of warranty for the motorcycle containing inherent defects causing it to wobble, wiggle or vibrate resulting in the accident causing his injuries.
Defendant BMW filed answer to the complaint, specifically denying the motorcycle was the subject of defective materials or workmanship; was negligently designed, manufactured, inspected or tested; was unfit or unsafe to transport members of the public, or there was any negligent failure to properly and adequately warn and caution members of the public.
Defendant Butler Smith, Inc., filed answer denying any negligence or wantonness and specifically denying it negligently designed, manufactured, inspected or tested the motorcycle.
Later, plaintiff amended his complaint by adding count seven alleging defendants received notice the motorcycle was defectively designed or manufactured so as to allow it to wobble, vibrate or lose stability making it uncontrollable and unsuitable for the purpose for which it was designed or manufactured and defendants wantonly failed to notify plaintiff of that defect.
After defendants failed to file written answer to count seven, the case went to trial. Both at the close of his case, and that of defendants, Bavarian Motor Works and Butler 
Smith, Hawk moved the grant of *Page 357 
his written motion for directed verdict on count seven, urging Rule 8 (d) required it. However, his motion was denied and defendants' motions for directed verdicts as to that count were granted. Appropriate judgment was entered from which this appeal is taken.
The basis upon which Hawk says reversible error occurred is that failure to file an amended written answer admits the allegations of count seven, thus fixes defendants' liability and entitles him to directed verdict on that count under Rule 8 (d). We disagree.
Rule 8 (d), ARCP, is identical to Rule 8 (d) of the Federal Rules of Civil Procedure. It reads:
 "(d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."
In this case this court has its first occasion to construe Rule 8 (d). There is no doubt the amendment adding count seven is "* * * a pleading to which a responsive pleading is required, * * *". Numerous decisions of the federal courts hold that failure to file a timely answer is an admission of those allegations in a complaint which are not denied, e.g.,Weitnauer Trading Co., Ltd. v. Annis, 516 F.2d 878 (2d Cir. 1975); Amalgamated Meat Cutters and Butcher Workmen v. KnouseFoods Cooperative, Inc., 259 F. Supp. 592 (M.D.Pa. 1966). Defendants say that Rule 8 (d) is not to be strictly applied in this case; that Rule 15 (b) operates to relieve the necessity of so applying it. Rule 15:
 "(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. * * *"
True, in count seven defendants were charged with wanton failure to notify plaintiff of defects in the motorcycle, while count two of the original complaint charged defendants withnegligent failure to warn. By written answer to the original complaint, Butler Smith denied any negligence or wantonness; BMW denied negligent failure to properly and adequately warnthe public. In substance, the other allegations of count seven were the same as those of the original complaint.
The aim of Rule 15 (b) is to ensure that if it is apparent the parties litigant have adequate notice of the issues to be tried and those issues are defined by them; exemplified by their conduct of the trial, demonstrating an understanding of those issues, mere failure to file an additional answer to a recast theory of one issue already stated in a previously filed pleading could not reasonably and fairly require strict application of Rule 8 (d) to thwart the just determination of this action.
Count seven states nothing so materially different from what is stated in the original complaint so that an answer to the original would not sufficiently answer the amendment. The issue of failure to warn was embraced in the original complaint; defendants' denials in their previously filed answers met the substance of count seven. Failure to specifically respond directly to the amended complaint did not result in an admission under Rule 8 (d). *Page 358 
Assuming arguendo without deciding, that defendants' answer did not sufficiently meet the substance of count 7, raising the possibility of an 8 (d) admission, there is yet another factor which militates against plaintiff. Under Rule 15 (b), issues tried by express or implied consent of the parties are treated in all respects as if they had been raised in the pleadings. In such a case, the pleadings may be amended to conform to the evidence, but if not, the result of the trial of those issues is not affected. Most cases involving this aspect of Rule 15 (b) have involved failure of plaintiffs to specifically state certain of the issues in their complaints. The rule is equally applicable here where plaintiff contends defendants' failure to answer count seven resulted in the failure of that count to frame an issue.
Implied consent to the trial of an issue may be found when a party fails to object to evidence offered concerning it, when the party himself offers such evidence. McDuffie v. Hooper,294 Ala. 293, 315 So.2d 573 (1975); Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975). Plaintiff had adequate notice the matters in count seven were in issue since defendants had substantially answered the allegations of that count. Further, plaintiff introduced the issues in count seven in his opening statement; both plaintiff and defendants offered evidence directed to those issues. Not until after that evidence was gone into did plaintiff object and contend the issues were not properly triable because defendants did not file an amended answer. On the contrary he actively engaged in presenting evidence embraced within issues raised by count seven and defendants' original answer. There was no doubt upon the part of the parties as to what issues were being tried. The issues presented in count seven were properly presented and tried and allowed for a proper decision on the merits.
Rule 15 (b) is not permissive: it provides that issues tried by express or implied consent shall be treated as if raised in the pleadings. 3A Moore's Federal Practice 996.
If one party raises an issue material to the other party's case, or if evidence is introduced without objection, implied consent is ordinarily found. 3A Moore's Federal Practice 994;Stacy v. Aetna Casualty Surety Co., 484 F.2d 289 (5th Cir. 1973).
If a party objects to the introduction of evidence at the trial on the ground that it is not within the issues framed by the pleadings, he must show that he would be actually prejudiced in maintaining his action or defense on the merits by the admission of the evidence. 3A Moore's Federal Practice 1011.
No prejudice to plaintiff resulted from failure of defendants to file an amended answer. A ruling in accord with plaintiff's contention would be contrary to the purpose of the Rules to further the resolution of litigation on its merits, not on technicalities. For a decision with similar facts and in accord with this decision see La Gorga v. Kroger Co., 407 F.2d 671 (3d Cir. 1969).
AFFIRMED.
BLOODWORTH, JONES, ALMON and BEATTY, JJ., concur.