On Application for Rehearing
The opinion of April 28, 2006, is withdrawn, and the following is substituted therefor.
Charles R. Zeller appeals from the trial court's denial of his motion filed pursuant to Rule 60(b), Ala. R. Civ. P., to set aside a default judgment against him in the amount of $2,589,645.06. We affirm.
 I. Underlying Facts
On August 6, 2003, Tracy Bailey, president of Instrumentation and Electrical of Alabama, Inc. ("I E"), entered into a purchase contract with Scott Cope, pursuant to which Bailey would sell I E to Cope for $100,000; Cope executed a promissory note for this amount. Under the terms of the purchase contract, Bailey had a first right of refusal on any subsequent sale of I E. Contemporaneously with the purchase contract, Bailey entered into an *Page 1151 
employment agreement with I E, in which Bailey agreed to act as president of I E for three years.
On June 8, 2004, Bailey sued Cope, Zeller, and American Consertech, Inc. ("Consertech"). Cope and Zeller are the sole owners of Consertech. In the complaint, Bailey asserted against Cope claims of breach of the purchase contract, breach of the promissory note, breach of the employment agreement, and promissory fraud. Specifically, Bailey claimed, among other things, that following the sale of I E to Cope, Cope failed to assume all of I E's liabilities, defaulted on I E's liabilities, failed to pay I E's vendors, sold I E to Zeller without notifying or otherwise providing Bailey the contractual right of first refusal, and defaulted on the promissory note. In a separate count, Bailey asserted these same claims against Cope, Zeller, and Consertech, alleging that they were using I E as an alter ego. Specifically, Bailey claimed that Cope and Zeller used I E as a sham corporation for the fraudulent purpose of creating cash flow for Consertech, while avoiding the debts and liabilities of I 
E. Each defendant was served with a copy of the complaint via certified mail.
On August 30, 2004, the trial court entered default judgments against each defendant based on the defendants' failure to answer or to otherwise respond to the complaint. Cope thereafter hired attorney Marion E. Wynne to challenge the default judgments on behalf of Cope, Zeller, and Consertech. On September 7, 2004, Wynne filed a motion, accompanied by Cope's affidavit, requesting that the default judgments be set aside because the defendants' failure to respond had been due to inadvertence and excusable neglect. The motion and the affidavit averred, among other things, that Cope, as CEO of Consertech, was responsible for defending Consertech, as well as protecting Zeller's interests. The trial court granted this motion.
On October 28, 2004, counsel for Bailey served interrogatories and requests for production of documents on the defendants. The defendants did not respond.
On November 8, 2004, Wynne filed a motion to withdraw as counsel for the defendants, asserting that his clients had failed and/or refused to honor their fee arrangement with him and that Zeller had failed to communicate with Wynne after Wynne had made repeated efforts to contact him by telephone and fax. Wynne mailed a copy of his motion to withdraw to both Cope and Zeller; neither responded. The trial court granted Wynne's motion to withdraw as counsel for the defendants and ordered that all future notices regarding the action be sent to Cope and to Zeller.
On December 8, 2004, Bailey filed a motion to compel discovery of the document requests and interrogatories and mailed a copy of the motion to both Cope and Zeller. On December 13, 2004, the trial court entered an order compelling the defendants to respond to the requested discovery within 20 days. Neither defendant responded.
On January 10, 2005, Bailey filed a motion requesting that the trial court reenter the default judgments against each defendant. As grounds for his motion, Bailey recited the defendants' flouting of the trial court's discovery order. As further grounds, Bailey asserted that Cope and Zeller had failed to appear for their properly scheduled depositions in December 2004. Bailey mailed a copy of this motion to both Cope and Zeller.
On January 13, 2005, the trial court entered an order, compelling the deposition of Zeller within 20 days from the date *Page 1152 
of the order. The trial court mailed notice of the order to Zeller. Zeller did not respond.
The trial court scheduled a hearing on the reentry of the default judgments for February 15, 2005, and served each defendant with notice of the hearing. Attorney Brent Day appeared at the hearing on behalf of Cope. Zeller was neither present nor represented by counsel at the hearing. Thereafter, the trial court reentered a default judgment against Zeller in the amount of $2,589,645.06. Notice of this judgment was issued to Zeller. The trial court scheduled an April 2005 trial date for Cope and granted him additional time to respond to the requested discovery.
On March 16, 2005, the trial court reentered a default judgment against Cope for failure to respond to discovery. Additional notices that a default judgment had been entered against him were mailed by the trial court to Zeller at his residence.
On June 8, 2005, Day filed a motion to withdraw as counsel, asserting that Cope had failed to respond to discovery requests, that Cope had failed to maintain contact with Day, and that Cope was not available for a scheduled deposition. The trial court granted this motion.
On May 27, 2005, Zeller, through Wynne, filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., seeking to have the second default judgment against him set aside on the grounds of inadvertence and excusable neglect.[1] In his motion and supporting affidavit, Zeller claimed that he was a resident of Texas; that he had nothing to do with the purchase of I E other than lending money to Cope in a separate transaction to finance the purchase; that he had no interest in the revenues of I E; that he never controlled any of the funds of I 
E; and that he had relied on Cope to handle the defense of Bailey's action against them. The trial court denied the motion; Zeller appealed.
 II. Standard of Review
A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtlandv. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600
(Ala. 1988). In reviewing an appeal from a trial court's order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland
We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte IllinoisCentral Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment.Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: "1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether *Page 1153 
the default judgment was a result of the defendant's own culpable conduct." 524 So.2d at 605.
 III. Three-factor Analysis (a) Meritorious Defense
As previously noted, Bailey asserted various claims against Cope, Zeller, and Consertech, alleging that I E was their alter ego. Specifically, Bailey claimed that Cope and Zeller had fraudulently used I E to create cash flow for Consertech, while avoiding the payment of I E's debts and liabilities. Zeller asserts no defense relating to the alter ego theory. Instead, he relies on statements contained in Cope's affidavit regarding misrepresentations allegedly made by Bailey to Cope. Although Zeller admits that he has no personal knowledge regarding these alleged misrepresentations, he nevertheless asserts that these statements in Cope's affidavit provide a meritorious defense to the underlying claims. Bailey, on the other hand, argues that Zeller cannot rely on hearsay statements as a defense and that Zeller is collaterally estopped from relitigating the claims on which a default judgment against Cope has been entered.
Suffice it to say, even assuming that hearsay statements would be sufficient to meet the meritorious-defense requirement for setting aside a default judgment and further assuming that Zeller, under an alter ego theory, stands in Cope's shoes and can assert defenses available to Cope, Zeller has cited no authority, as required by Rule 28, Ala. R.App. P., to rebut Bailey's contention that Zeller is precluded from relitigating Cope's liability in view of the default judgment that has been entered against Cope. For purposes of this appeal we accept Bailey's contention that Zeller does not have a meritorious defense.
 (b) Absence of Prejudice to the Nondefaulting Party
In Kirtland, this Court stated:
 "The setting aside of a default judgment delays a final termination of the litigation. This deeply frustrates or impedes a plaintiffs efforts to recover on his claim and causes him to incur additional costs. Moreover, the delay may facilitate fraud and collusion, result in loss of evidence, and hinder discovery."
524 So.2d at 606-07 (emphasis added).
This action was filed in June 2004. Zeller repeatedly failed to respond to discovery requests, as well as court orders compelling those requests; he suffered two default judgments as a result of his failure to respond. Zeller waited three and a half months after the second default judgment was entered before he requested that it be set aside. In his motion to set aside the second default judgment, along with his supporting affidavit, Zeller argued that he had had nothing to do with the purchase of I E, other than lending Cope money to finance the purchase; that he had no interest in the revenues of I 
E; and that he had never controlled any of the funds of I 
E. According to Cope, however, Zeller was the sole shareholder of I E.
We note that Zeller eventually testified by deposition on June 21, 2005, in relation to his motion to set aside the second default judgment entered against him. Zeller's deposition testimony establishes that he assumed the liabilities of I 
E and that he signed notes to I E's creditors obligating himself to pay I E's liabilities. In fact, Zeller admits that letters were sent to I E's creditors, notifying them that he had acquired I E and that the purpose of the acquisition was to merge I E with a another company in which he had a substantial interest — Consertech. Zeller also confirmed that the purchase of I E was made to help take care of the *Page 1154 
cash-flow problems of Consertech — the company he and Cope jointly own.
In his June 21, 2005, deposition, Zeller testified that he had received no income from I E for 24 months preceding the deposition and that he was borrowing money from friends to pay his bills. We note, however, that in 2003 I E's creditors were provided with Zeller's personal financial statement showing a net worth of $10 million. Zeller now claims that that financial statement was nothing more than "business fiction." Zeller also represented in his affidavit supporting his motion to set aside the second default judgment that he had no interest in I E, a representation disputed by his own deposition testimony. Zeller also testified in deposition that, during the pendency of this action, Consertech, the company owned jointly by Zeller and Cope, had been taken over by its surety, and that he has a personal guarantee on a potential $2 million deficit. Under the circumstances, any further delay in bringing this case against Zeller to judgment would unfairly prejudice Bailey.
 (c) Culpability of the Defaulting Party's Conduct
To warrant a refusal to set aside a default judgment, the defaulting party's actions that resulted in the entry of the default judgment must constitute willful conduct or conduct committed in bad faith. Negligence alone is not sufficient. Bad faith or willfulness is identified by "incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness."Kirtland, 524 So.2d at 608 (citing Agio Indus.,Inc. v. Delta Oil Co., 485 So.2d 340, 342
(Ala.Civ.App. 1986)). A trial court's finding with respect to the culpability of the defaulting party is subject to great deference. Jones v. Hydro-Wave of Alabama, Inc.,524 So.2d 610, 616 (Ala. 1988).
In the instant case, Zeller's conduct in refusing to respond to pleadings, motions, and court orders can be characterized only as blatant and intentional. He repeatedly ignored discovery requests and court orders compelling discovery, resulting in two default judgments against him. The only excuse Zeller offers is that he was relying solely on Cope to represent his interests in this action. According to Zeller, Cope and Zeller have been friends and business partners for over 40 years. Zeller admits that he has provided financial backing for Cope in at least three various business ventures that have failed, leaving Zeller with debts and lawsuits. Despite having this information, Zeller trusted Cope to "take care" of his interests in this action. As noted previously, in November 2004 Cope and Zeller's attorney filed a motion to withdraw from this action, citing non-payment of fees by the defendants. Zeller's continued reliance on Cope is patently unreasonable in light of the trial court's repeated efforts, after Zeller's attorney had withdrawn, to give Zeller notice of the various stages of the proceedings by mail at his residence. These several notices made it clear beyond doubt that Zeller could not depend on Cope to take care of Zeller's important business before the Baldwin Circuit Court. The most damning information is Zeller's failure to appear during the discovery phase of this action for a scheduled deposition. It is hard to fathom how Zeller could blame Cope for his own failure to appear. Zeller admitted that his actions were foolish. He testified that "the pattern's pretty clear. I just [did not] want to deal with it."
In Jones v. Hydro-Wave, supra, this Court stated:
 "The utility of the default judgment rule depends on its effectiveness in encouraging compliance with procedural rules so that actions may be decided expeditiously. *Page 1155 
To facilitate an orderly functioning of the judicial system and to preserve the integrity of the court, parties who affront the court by intentionally disregarding trial dates, court orders, or procedural rules, with resulting unnecessary delay, should justifiably incur the ultimate sanction of losing their opportunity to defend. For the default judgment to be a potent sanction, the trial court, when confronting litigants who have manifested willfulness and bad faith in committing defaults, must not be unduly hampered in granting default judgments, and, subsequently, upholding those judgments. . . ."
524 So.2d at 616 (emphasis added).
Based on Zeller's consistent, incessant, and flagrant disrespect for court rules, orders, and proceedings, we find that the trial court did not exceed its discretion in denying Zeller's motion to set aside the default judgment.
 IV. Damages
It is noteworthy to add that the damages award in this case is substantial. The trial court awarded Bailey $2,589,645.06. In addition to compensatory damages, this amount included $500,000 for mental anguish and $1 million for punitive damages. After the entry of the default judgment, Zeller was entitled to challenge the amount of the damages award by filing a timely motion with the trial court. Oliver v. Towns,738 So.2d 798 (Ala. 1999). In Oliver, this Court stated that following the entry of a default judgment and upon a timely motion, the trial court must conduct a hearing to determine whether the damages awarded are excessive. See also LifestarResponse of Alabama v. Lemuel, 908 So.2d 207 (Ala. 2004) (a defendant who challenges the excessiveness of the damages awarded upon entry of a default judgment is entitled to aHammond-Green Oil[2] review of the punitive-damages aspect of that judgment, but only if the trial court is requested to hold such a hearing).
In the instant case, Zeller did not file any motion with the trial court challenging the amount of the damages award, nor did he request that the trial court hold a Hammond-GreenOil hearing. Zeller did state in his briefs before this Court that the damages award was excessive. However, because he did not properly present this argument to the trial court, he failed to preserve the issue for appellate review. Accordingly, Zeller has waived any issue relating to the excessiveness of the damages award.
Based on the foregoing, we conclude that the trial court did not exceed its discretion in refusing to set aside the default judgment entered in this action against Zeller.
APPLICATION OVERRULED; OPINION OF APRIL 28, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
NABERS, C.J., and LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
[1] We note that Wynne previously withdrew as counsel for both Cope and Zeller. Zeller, however, subsequently retained Wynne to review the record and to file the Rule 60(b) motion on Zeller's behalf.
[2] See Hammond v. City of Gadsden, 493 So.2d 1374
(Ala. 1986), and Green Oil Co. v. Hornsby,539 So.2d 218 (Ala. 1989). *Page 1156