[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 163 
William A. Manci appeals from the entry of a default judgment in favor of Ball, *Page 164 
Koons Watson, a partnership formed for the practice of law ("BK W"), on its claims against Manci and from the dismissal of Manci's counterclaims against BK W. We affirm.
 Facts and Procedural History
In 1998, Manci retained Ball Koons, Attorneys at Law (now BK W), to represent him in litigation regarding the estate of Arthur Manci ("the estate"). When BK W's legal fees exhausted Manci's original retainer, Manci and BK W entered into a contingent-fee agreement providing that Manci would pay BK W a fee of 1/3 of the value of any assets or sums Manci recovered or was awarded as a result of the litigation. Following the litigation, Manci refused to make any payment under the contingent-fee agreement. In May 2004, BK W sued Manci, the estate, and other persons and entities associated with the estate seeking the payment of fees for legal services BK W had provided to Manci. Manci brought a counterclaim against BK W and its individual attorneys, alleging legal malpractice and requesting a judgment declaring that BK W was not entitled to the payment of any legal fees.
In February 2005, BK W submitted its first discovery requests to Manci. Manci did not respond. In June 2005, BK W moved the trial court to compel Manci to respond to the discovery requests. In March 2006, the trial court ordered that all pending discovery be completed within 30 days. In April 2006, BK W noticed the deposition of Manci, but he failed to respond to the notice or to appear for the deposition. Manci then amended his answer and counterclaim and responded to BK W's first set of interrogatories with a series of objections and vague responses.
In July 2006, BK W filed a motion to show cause why Manci should not be held in contempt for his nonresponsive replies to BK W's discovery requests. The trial court granted the show-cause motion in September 2006. Manci moved the trial court to vacate its order and to enter a protective order. On January 2, 2007, the trial court held a hearing on the outstanding motions of all the parties, subsequent to which it ordered Manci to complete his responses to discovery by January 19, 2007, and set February 2, 2007, as the date for Manci's deposition. Manci responded by petitioning this Court for the writ of mandamus declaring that the trial court had exceeded its discretion by ordering Manci to complete his responses to BK W's discovery requests. We denied that petition without an opinion on February 27, 2007 (case no. 1060633).
On January 31, 2007, BK W moved for sanctions against Manci for his failure to comply with the trial court's discovery orders. On February 2, 2007, the trial court entered an order finding that "[a]s of the date of this Court Order, [Manci] still refuses to provide any answers to discovery as ordered by this Court in it[]s order of January 8, 2007." Based on this finding, the trial court entered a default judgment against Manci on BK W's claims, dismissed Manci's counterclaims with prejudice, and awarded BK W damages in the amount of $1,212,045.78 based on the contingent-fee agreement. Manci moved to set aside the trial court's default judgment. The trial court denied that motion, and Manci now appeals.
 Issues
Manci presents five issues on appeal. First, Manci argues that the trial court exceeded its discretion by entering a default judgment on BK W's claims and by dismissing Manci's counterclaims as a sanction for Manci's failure to comply with the trial court's discovery orders. Second, Manci argues that his failure to submit discovery was harmless because, he says, *Page 165 
BK W never properly replied to Manci's amended counterclaim and, thus, admitted the averments of the counterclaim. Third, Manci argues that the trial court erred in granting BK W's motion to tax Manci with fees for an expert witness incurred during BK W's representation of Manci. Fourth, Manci argues that BK W presented no admissible evidence to support the award of damages against him. Fifth, Manci argues that the record does not support the trial court's finding that Manci's responses to discovery were not made in good faith.
 Standard of Review
In reviewing a trial court's denial of a motion to set aside a default judgment, this Court has stated:
 "A trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default judgment. Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988). In reviewing an appeal from a trial court's order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion. 524 So.2d at 604. That discretion, although broad, requires the trial court to balance two competing policy interests associated with default judgments: the need to promote judicial economy and a litigant's right to defend an action on the merits. 524 So.2d at 604. These interests must be balanced under the two-step process established in Kirtland.
 "We begin the balancing process with the presumption that cases should be decided on the merits whenever it is practicable to do so. 524 So.2d at 604. The trial court must then apply a three-factor analysis first established in Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987), in deciding whether to deny a motion to set aside a default judgment. Kirtland, 524 So.2d at 605. The broad discretionary authority given to the trial court in making that decision should not be exercised without considering the following factors: `1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' 524 So.2d at 605."
Zeller v. Bailey, 950 So.2d 1149, 1152-53 (Ala. 2006).
 Analysis I.
First, we address Manci's argument that the trial court exceeded its discretion in entering a default judgment on BK W's claims and in dismissing Manci's counterclaims as a sanction for Manci's failure to comply with the trial court's discovery orders.
 A. Meritorious Defense
In clarifying the meritorious-defense requirement for reviewing a trial court's refusal to set aside a default judgment, this Court has stated:
 "To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.
 "The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint *Page 166 
with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis."
Kirtland, 524 So.2d at 606 (citations omitted). In the trial court's order denying Manci's motion to set aside the default judgment and the dismissal of Manci's counterclaims, the trial court found that Manci had "failed to set forth with sufficient particularity a plausible legal defense based upon (1) a viable legal theory, and (2) a strong factual basis to counter [BK W]'s Cause of Action. [Manci]'s mere allegation that he has a meritorious defense is insufficient."
The record supports the trial court's order. Manci's motion to set aside the judgment makes only one allegation: "The contents of the combined motions creates a genuine issue as to whether Manci or his counsel has engaged in culpable conduct." Because Manci's motion presents "mere bare legal conclusions without factual support," Kirtland, 524 So.2d at 606, we turn to Manci's amended answer and counterclaim to determine whether they show a meritorious defense.
Manci's amended answer and counterclaim aver three affirmative defenses. First, Manci offers a bare allegation that BK W fails to state a claim upon which relief can be granted. This allegation is insufficient as a basis on which to set aside the default judgment. Second, Manci asserts that BK W's claims are barred because the complaint "fails to allege that BK W performed all of BK W's obligations and conditions precedent to BK W's right to recover under the [contingent-fee agreement]." This second assertion, however, is factually incorrect. BK W's complaint states that BK W "substantially performed all of the terms required of it under the terms of said [contingent-fee agreement] and a dispute has arisen concerning the amount [Manci] owes [BK 
W] for legal services rendered." Manci's third defense is that BK W forfeited the right to compensation by engaging in abusive and overreaching misconduct in its attempt to collect the disputed legal fees. However, Manci offers no legal basis for this contention. Therefore, this claim too is insufficient to demonstrate that Manci has a meritorious defense.
Manci asserted two claims in his counterclaim. Manci alleges a legal-services-liability claim against BK W, alleging numerous breaches of the standard of care applicable to BK W. However, this Court has consistently held that "`"in a legal malpractice case, the plaintiff must show that but for the defendant's negligence he would have recovered on the underlying cause of action. . . ."'" Dennis v.Northcutt, 923 So.2d 275, 279 (Ala. 2005) (quotingIndependent Stave Co. v. Bell, Richardson Sparkman,P.A. 678 So.2d 770, 772 (Ala. 1996), quoting in turnMcDuffie v. Brinkley, Ford, Chestnut Aldridge,576 So.2d 198, 199 (Ala. 1991)). Not only does Manci not allege that he failed to recover on the underlying matter as the result of BK W's negligence, but his counterclaim also repeatedly refers to BK W's "successful" handling of his case.
Manci also seeks in his counterclaim a judgment declaring that BK W is not entitled to attorney fees under the terms of the contingent-fee agreement he entered into with BK W. However, BK W's complaint seeks to recover all expenses and legal fees arising from its representation of Manci, not just those due under the contingent-fee agreement. In fact, Manci's counterclaim admits that "BK W is entitled to be compensated for those legal representations of him on the basis of quantum meruit instead of a contingent fee." By Manci's own admission, *Page 167 
his defenses and counterclaims are not a complete defense to BK W's action; therefore, Manci fails to meet the meritorious-defense requirement of a challenge to the default judgment.
 B. Prejudice to the Nondefaulting Party
This Court has stated:
 "The setting aside of a default judgment delays a final termination of the litigation. This delay frustrates or impedes a plaintiff's efforts to recover on his claim and causes him to incur additional costs. Moreover, the delay may facilitate fraud and collusion, result in loss of evidence, and hinder discovery.'"
Zeller v. Bailey, 950 So.2d 1149, 1153 (Ala. 2006) (emphasis omitted) (quoting Kirtland,524 So.2d at 606-07). On this factor, the trial court found that BK W would be prejudiced if the default judgment were to be set aside because "[t]he Court is convinced that [Manci] will never comply with the Rules of Civil Procedure or the Orders of this Court if the Default Judgment is set aside." Moreover, the record indicates that the trial court held a hearing on March 6, 2007, to determine the amount of damages arising from the default judgment and, after the hearing, entered an order setting damages in the amount of $1,212,045.78. On March 26, 2007, Manci filed an untimely "Notice of Disclaimer" with the circuit court, attempting to disclaim his interest in the estate, which was deposited with the clerk of the circuit court pending the resolution of this case. Although the trial court rejected this disclaimer as "ineffective and for naught," it demonstrates that Manci has attempted to divest himself of assets from which the judgment in favor of BK W might be paid. Because further delay in bringing this case to resolution could result in further attempts by Manci to "facilitate fraud," setting aside the default judgment would unfairly prejudice BK W.
 C. Culpability of the Defaulting Party's Conduct
This Court has stated in regard to the culpability factor:
 "To warrant a refusal to set aside a default judgment, the defaulting party's actions that resulted in the entry of the default judgment must constitute willful conduct or conduct committed in bad faith. Negligence alone is not sufficient. Bad faith or willfulness is identified by `incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.' Kirtland [v. Fort Morgan Auth. Sewer Serv., Inc.], 524 So.2d [600] at 608 [(Ala. 1988)] (citing Agio Indus., Inc. v. Delta Oil Co., 485 So.2d 340, 342 (Ala.Civ.App. 1986)). A trial court's finding with respect to the culpability of the defaulting party is subject to great deference. Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 616 (Ala. 1988)."
Zeller, 950 So.2d at 1154. The trial court stated that "[Manci] has failed to offer any reasonable explanation why the discovery responses have not been forthcoming. This Court has never witnessed such incessant and flagrant disrespect for Court rules or deliberate and knowing disregard for judicial authority, or more intentional non-responsiveness than of [Manci] in this case." On appeal, Manci appears to argue that the trial court erred by granting BK W's motion for a default judgment without ever having ordered him to respond to the discovery requests pursuant to Rule 37(a), Ala. R. Civ. P., which provides the circumstances under which a party may move the court to compel discovery. Manci's allegation that he was not ordered to respond to discovery is, however, incorrect. The record indicates that BK W first moved the trial court to compel discovery *Page 168 
on June 17, 2005. The trial court entered an order on September 15, 2006, under which Manci was ordered "to fully and completely answer the interrogatories as propounded on or before October 15, 2006." The trial court entered a second order compelling discovery on January 8, 2007. BK W then moved for sanctions against Manci on January 31, 2007. The trial court granted that motion on February 2, 2007. Manci has offered no reasonable explanation for his failure to comply with the trial court's discovery orders. After reviewing the arguments of the parties and the record in this case, we hold that the trial court did not exceed its discretion in finding that Manci's conduct was willful and committed in bad faith and warranted the sanctions of the entry of a default and the dismissal of his counterclaim.
 II.
Second, Manci argues that his failure to submit proper discovery responses was harmless because, he says, BK W never properly replied to his amended counterclaim, and, thus, it admitted the averments of the counterclaim. Manci bases this argument on Rule 8(d), Ala. R. Civ. P., which provides, in relevant part, that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." In Hawk v. Bavarian Motor Works,342 So.2d 355 (Ala. 1977), this Court dealt with the issue whether "the failure to file a written denial of a pleading to which a response is required, under Rule 8(d), [Ala. R. Civ. P.], admits the allegations of that pleading where the issues tried are embraced in prior pleadings that were responded to in writing." 342 So.2d at 356. In that case, the plaintiff's original complaint contained six counts related to an allegedly defective motorcycle. The defendant responded to the complaint, denying any negligence. The plaintiff later added a seventh count, alleging that the defendant had notice of the defect. The defendant did not file an answer to this amended complaint. When the case went to trial, the plaintiff moved for a directed verdict (now a judgment as a matter of law, see Rule 50, Ala. R. Civ. P.) on count seven, alleging that the defendant had admitted that count by not responding as required by Rule 8(b), Ala. R. Civ. P. The trial court denied that motion, and an appeal followed. This Court affirmed the trial court's order denying the motion, stating that "mere failure to file an additional answer to a recast theory of one issue already stated in a previously filed pleading could not reasonably and fairly require strict application of Rule 8(d) to thwart the just determination of this action." 342 So.2d at 357. The Court reasoned that the amended complaint "states nothing so materially different from what is stated in the original complaint so that an answer to the original would not sufficiently answer the amendment." 342 So.2d at 357. We findHawk to be apposite. Manci's amended counterclaim does not add a new basis of recovery; rather, it appears to amplify the grounds on which Manci based his request for a declaratory judgment on the contingent-fee agreement and his legal-malpractice claim. BK W's response to Manci's original complaint was adequate; therefore, it did not admit the allegations of the amended counter-claim simply because it failed to reply to Manci's recasting of his theories.
 III.
Third, Manci argues that the trial court erred in granting BK W's motion to tax as costs expert-witness fees incurred during BK W's representation of Manci as taxable costs against him. The sole authority Manci cites for this allegation of *Page 169 
error is Bundrick v. McAllister, 882 So.2d 864
(Ala.Civ.App. 2003). Manci's argument is misplaced. InBundrick, the Court of Civil Appeals held that the successful plaintiff could not tax the defendant with the costs the plaintiff incurred hiring an expert witness necessary to prosecute her claim against the defendant. However, in this case, the expert-witness fees in question were incurred by BK W on behalf of Manci while he was BK Ws client, not in the prosecution of BK W's claims against Manci.Bundrick is clearly distinguishable, and we affirm the trial court's judgment on this ground as well.
 IV.
Fourth, Manci argues that BK W presented no admissible evidence to support the award of damages against him. However, Manci cites no authority and makes no argument as to the admissibility of any evidence offered at the hearing. Rather, it appears that Manci's argument is that the contingent-fee agreement he entered into with BK W should not apply to the 60-acre plot of land that was part of the dispute in which BK W represented Manci against Arthur Manci's estate. The contingent-fee agreement states, in pertinent part:
 "The undersigned, William A. Manci, employs the law firm of [BK W] to recover by suit or settlement any assets from [the estate]. The undersigned agrees to pay said firm for legal representation, a sum equal to 33 1/3% of the value of all said assets or sums awarded or recovered on his behalf in said litigation or any related litigation, plus expenses, for professional services rendered up to and including the conclusion of (1) trial."
Manci argues that because he was ultimately adjudged to be the rightful owner of those 60 acres, his title to those 60 acres was not an asset the firm recovered on his behalf in the estate litigation; therefore, he argues, BK W "had no right to claim an attorney's lien against Manci's 60 acres of land." Manci's brief at 59. Manci bases this argument on § 34-3-61(c), Ala. Code 1975, [1] and three cases from this Court. Manci quotes the following from Warren v. Hill,Hill, Stovall Carter, 252 Ala. 638, 639,42 So.2d 264, 265 (1949): "The right of attorneys under [Title 46, Ala. Code 1940] section 64, subd. 3, supra [now codified at § 34-3-61(c)], to enforce a lien on the land recovered by plaintiff is dependent upon the proposition that the suit was for the land and resulted in its recovery." He also cites, without quoting, Ex parte Clanahan, 261 Ala. 87,72 So.2d 833 (1954), and King v. Acuff, 218 Ala. 619,119 So. 833 (1929), for the proposition that "[a]n action filed by an attorney to quiet the title to real property is not an action to recover the property for the client and judgment quieting the title is not a judgment for the recovery of the property." Manci's brief at 58. However, Manci's reliance on these authorities is misplaced. In Warren, the Court reached the conclusion that even though the underlying action was to enforce a personal statutory right of redemption, "neither the plaintiff nor defendant is in a position to question the fact of a recovery of the land by plaintiff."252 Ala. at 640, 42 So.2d at 265. Manci appears to citeClanahan for its citations to King, in which this Court was *Page 170 
asked to uphold a statutory attorney's lien against his client's land to secure the payment of the attorney's fee for successfully bringing a quiet title action on behalf of the client. This Court held that "[t]here was no recovery of property; there was only an authoritative and conclusive declaration by the court that defendants there had no interest in the property the subject of litigation. We are unable to find in the statute any purpose to create a lien in such case."218 Ala. at 620, 119 So. at 833. However, the statute and all the cases cited by Manci deal with an attorney's attempt to enforce a statutory lien on real property. None address the case presented here — where an attorney has not filed a statutory attorney's lien but has an interest in the value of the subject property in reference to a contingent-fee agreement. We note that the contingent-fee agreement between Manci and BK W entitles BK W to a fee equal to the value of 33 1/3% of the assets or sums recovered by or awarded to Manci in the litigation, not 33 1/3% of the assets themselves. We further note that the trial court awarded BK W a monetary sum, not an interest or attorney's lien in any particular asset of Manci's. "`"The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion."`" Rabb v.Estate of Harris, 953 So.2d 401, 405 (Ala. 2006) (quotingCity of Birmingham v. Horn, 810 So.2d 667, 681-82
(Ala. 2001), quoting in turn Ex parte Edwards,601 So.2d 82, 85 (Ala. 1992)). Manci's argument fails to demonstrate that the trial court exceeded its discretion in determining the amount of the attorney-fee award, and we affirm the trial court's judgment on this ground.
 V.
Fifth, Manci argues that the record does not support the trial court's finding that Manci's responses of BK W's discovery requests were not made in good faith. However, Manci fails to provide any citation to authority or argument in support of this allegation. "`"Where an appellant fails to cite to any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court's duty nor its function to perform all the legal research for an appellant."`" Ex parte Barnett, 978 So.2d 729, 737
(Ala. 2007) (quoting Birmingham News Co. v. Horn,901 So.2d 27, 28 (Ala. 2004), quoting in turn Sea Calm ShippingCo. v. Cooks, 565 So.2d 212, 216 (Ala. 1990)). Because Manci has not cited any authority in support of his allegation, we affirm the judgment of the trial court on this ground.
 Conclusion
Because Manci has not shown that the trial court exceeded its discretion in denying his motion to set aside the default judgment and the dismissal of counterclaims, we affirm the trial court's judgment.
AFFIRMED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] Section 34-3-61(c), Ala. Code 1975, provides:
 "Upon all actions for the recovery of real or personal property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys-at-law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice."