MOORE, Judge,
concurring in the judgment of reversal but dissenting as to the rationale and the remand instructions.
The main opinion concludes that “the evidence before the trial court was insufficient to support its determination that [Edward Dyess and Lajune White Dyess] had clearly and convincingly entered into a common-law marriage,” reverses the trial court’s judgment “insofar as it determined that the parties were married” and divided the parties’ property, and remands the cause with instructions that the trial court enter a judgment consistent with the main opinion. 94 So.3d at 390. I agree that the judgment should be reversed, but I disagree with the main opinion’s basis for reversing and with the remand instructions.
Unlike the main opinion, I conclude that Lajune White Dyess presented sufficient evidence upon which the trial court could have found that she and Edward Dyess were married at common law, see Melton v. Jenkins, 92 So.3d 105, 110 (Ala.Civ.App.2012) (Moore, J., dissenting); however, because I also conclude that the trial court erred in not permitting Edward to present evidence on the issue, I would reverse the trial court’s judgment and remand the cause for the trial court to allow Edward to present his evidence.
The record indicates that the trial court ended its ore tenus hearing at the close of Lajune’s case-in-chief. At that point in the proceedings, Lajune pointed out that Edward had failed to reply to her counterclaim and moved the trial court to bar Edward from presenting any evidence regarding Lajune’s allegation in the counterclaim that they were married at common law. Lajune based her motion on Rule 7, Ala. R. Civ. P., which requires a party to reply to a counterclaim, and on Rule 8(d), Ala. R. Civ. P., which provides that “[a]verments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading.” The trial court granted La-june’s motion by terminating the hearing without allowing Edward to present any witnesses or other evidence to support his earlier testimony in Lajune’s case-in-chief that he had never intended to marry La-june and that he had not publicly recognized that they were husband and wife.
The trial court erred to reversal in ending the trial on the grounds asserted by Lajune. In his complaint, Edward asserted that the parties were “unmarried owners” of certain real estate that he wanted equitably partitioned or divided. Lajune answered that complaint by denying that *391 allegation. Based solely on the complaint and the answer, the parties were clearly at issue over their marital status and the equitable division of their property; the failure of Edward to further reply to La-june’s counterclaim did not obviate those controversies.
In Hawk v. Bavarian Motor Works, 342 So.2d 355 (Ala.1977), our supreme court addressed the issue whether,
“in all circumstances, the failure to file a written denial of a pleading to which a response is required, under Rule 8(d), [Ala. R. Civ. P.,] admits the allegations of that pleading where the issues tried are embraced in prior pleadings that were responded to in writing.”
342 So.2d at 356. In Hawk, the defendant filed an answer generally denying the averments in the plaintiffs original complaint alleging that defects in a motorcycle that had been manufactured and distributed by the defendant had caused the plaintiff personal injuries. However, the defendant did not file an answer to an amended complaint in which the plaintiff asserted a new count alleging that the defendant had had notice of the defects. When the case went to trial, the plaintiff seized on the defendant’s failure to file a written answer to the amended complaint as a ground for a directed verdict, now known as a judgment as a matter of law, see Rule 50, Ala. R. Civ. P., on the added count. The trial court denied that motion, and, on appeal, our supreme court affirmed the trial court’s order denying the motion, stating that
“mere failure to file an additional answer to a recast theory of one issue already stated in a previously filed pleading could not reasonably and fairly require strict application of Rule 8(d)[, Ala. R. Civ. P.,] to thwart the just determination of this action.”
342 So.2d at 357. The supreme court reasoned that the amended complaint “states nothing so materially different from what is stated in the original complaint so .that an answer to the original would not sufficiently answer the amendment.” 342 So.2d at 357. See also Manci v. Ball, Koons & Watson, 995 So.2d 161 (Ala.2008) (failure of law firm to reply to amended counterclaim, which only amplified client’s grounds for seeking a judgment declaring that he did not owe law firm fees under a contingency-fee agreement because of law firm’s alleged legal malpractice, did not amount to an admission of those grounds under Rule 8(d) when law firm had previously replied to original counterclaim and denied the material allegations therein).
Based on Hawk and Manci, I conclude that the trial court erred in disallowing Edward to present his case. Lajune’s counterclaim only amplified her reasons for denying the allegations in Edward’s complaint regarding their marital status and the equitable division of their property. The counterclaim did not add a completely new controversy, but only recast the original controversy in the form of a counterclaim for a divorce. Lajune obviously was not misled into believing by the state of the pleadings that Edward had conceded that they were married at common law or that he had admitted that she was entitled to an equitable property division under marital law. In her case-in-chief, Lajune, recognizing the ongoing controversy, presented evidence designed solely to address those issues. On the other hand, Edward was prejudiced by not being allowed to present his own evidence on those issues because of a technicality in failing to file an additional pleading that would have only replicated the allegations in his original complaint.
The rules of civil procedure “shall be construed and administered to secure the just, speedy and inexpensive determination of every action.” Rule 1(c), Ala. R. Civ. P. *392 In strictly applying Rule 8(d), the trial court denied Edward an opportunity to be heard, and its judgment is therefore due to be reversed and the case remanded to allow for a fair trial of the merits.
BRYAN, J., concurs.